[No. 11831-2-III.   Division Three.   January 5, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS LEE HILL, *Appellant*.

---

*Jeffrey C. Barker,* for appellant.

*Gary Riesen, Prosecuting Attorney,* and *Douglas J. Shae* and *Roy S. Fore, Deputies,* for respondent.

MUNSON, J. — Dennis Hill appeals the denial of his motion to suppress evidence. His automobile was stopped for defective equipment; thereafter the passenger was arrested, and the vehicle was impounded because of defective equipment. He contends the impoundment was pretext for a general exploratory search; was not a legitimate community caretaking function of the troopers; and was unauthorized by statute, especially when the troopers did not consider the alternatives.[1] The State contends the court may affirm the search under either the impoundment or search incident to arrest rationales.

On May 4, 1991, around 10:35 p.m., Washington State Patrol Trooper Michael Walcker stopped an oncoming vehicle that had only a single headlight on Wenatchee Avenue in Wenatchee.[2] The driver pulled the vehicle off the road into a commercial area in front of Al's Auto Supply store. Approaching the driver, Dennis Hill, Trooper Walcker observed neither the driver nor his passenger, Dennis Gomes, was wearing a seatbelt; smelled intoxicants emanating from the vehicle;

---

[1] Mr. Hill bases his complaint on a violation of the Fourth Amendment and article 1, section 7 of the Washington Constitution. Mr. Hill does not specifically ask us whether article 1, section 7 offers greater protection than the Fourth Amendment, nor does he brief the six *Gunwall* factors, *State v. Gunwall,* 106 Wn.2d 54, 720 P.2d 808, 76 A.L.R.4th 517 (1986).

[2] Mr. Hill testified and the trooper concurred that on his way into Wenatchee he had hit a deer; the grille and left front panel of his car bore ample evidence of such a collision.

and he saw an open container, later determined to contain lemonade and vodka. A warrant check disclosed three outstanding felony warrants for Mr. Gomes alleging controlled substance charges. Between 10:35 and 10:42 p.m., and after Sergeant William McCunn had arrived, Mr. Gomes was arrested, handcuffed and placed in the back of a patrol car. After administering Breathalyzer and gaze nystagmus field tests, Trooper Walcker concluded Mr. Hill's reading of .02 indicated he was not legally intoxicated, but he remained concerned about Mr. Hill's ability to operate the vehicle. Because of the presence of alcohol, the trooper asked Mr. Hill if he could search the car. Mr. Hill refused; when asked a second time, he again refused to consent to a search.

Sergeant McCunn and Trooper Walcker, after a discussion, decided to impound the vehicle. Mr. Hill was informed of the decision and did not object. The trooper found paper bindles containing cocaine in a jacket pocket lying on the backseat and a zippered tape cassette case between the front seats. The search halted, the vehicle was sealed and towed to the Washington State Patrol office where, pursuant to a warrant, the search continued. Mr. Hill was arrested and charged with unlawful possession of a controlled substance with the intent to deliver, RCW 69.50.401.

On July 24, a hearing was held on Mr. Hill's motion to suppress the evidence discovered pursuant to the impoundment search. The trial court, by letter opinion, denied the motion, finding the impoundment reasonable under all the circumstances. No formal findings, conclusions, or order were filed. Reserving the right to appeal the order denying suppression, Mr. Hill pleaded guilty to an amended charge of unlawful possession of a controlled substance, cocaine. Based on an offender score of 0 and under the first-time offender provision, Mr. Hill was sentenced to 15 days of confinement.

Mr. Hill contends the impoundment and search of his vehicle were pretext for a general exploratory search related

to the arrest of Mr. Gomes. He contends the impoundment and search were neither authorized under RCW 46.32.060, justified as a "community caretaking function", nor reasonable under all the circumstances, especially because the troopers did not consider any alternatives.

■ The Fourth Amendment and article 1, section 7 of the Washington Constitution require all seizures be reasonable. *State v. Reynoso*, 41 Wn. App. 113, 116, 702 P.2d 1222 (1985). An impoundment is a seizure because it involves a governmental taking. *Reynoso*, at 116, and citations therein. Warrantless searches are presumed unreasonable subject to a few well-established exceptions. *State v. Smith*, 119 Wn.2d 675, 835 P.2d 1025 (1992). The State bears the burden of showing the search falls within one of the exceptions. *State v. Houser*, 95 Wn.2d 143, 149, 622 P.2d 1218 (1980).

> A motor vehicle may be lawfully impounded in certain specific circumstances: . . . (2) as part of the police "community caretaking function," if the removal of the vehicle is necessary (in that it is abandoned, or impedes traffic, or poses a threat to public safety and convenience, or is itself threatened by vandalism or theft of its contents), *and* neither the defendant nor his spouse or friends are available to move the vehicle; and (3) as part of the police function of enforcing traffic regulations, if the driver has committed one of the traffic offenses for which the legislature has specifically authorized impoundment.

*State v. Williams*, 102 Wn.2d 733, 742-43, 689 P.2d 1065 (1984) (quoting *State v. Simpson*, 95 Wn.2d 170, 189, 622 P.2d 1199 (1980)).

■ On review of a suppression motion, the appellate court, in consideration of the constitutional rights at stake, will make an independent evaluation of the evidence, allowing "great significance" to the findings, and deference to credibility issues. *State v. Mennegar*, 114 Wn.2d 304, 309-10, 787 P.2d 1347 (1990), and citations therein.[3]

---

[3]Although not raised by Mr. Hill, the trial court failed to comply with CrR 3.6 and enter formal findings and conclusions of law. When the State prevails at a suppression hearing, it is obliged to prepare and have entered findings and conclusions which will, standing alone, withstand appellate court scrutiny for

A. <u>Community Caretaking Function</u>. Here, the vehicle was neither abandoned, nor impeding traffic, but was partly blocking a sidewalk. Trooper Walcker testified to the threat of vandalism because at the time it was the Saturday of Wenatchee's annual Apple Blossom Festival. There is no evidence the trooper attempted to determine whether a friend was available to be responsible for the vehicle.

■ B. <u>RCW 46.32.060</u>. The State argues the impoundment was justified by RCW 46.32.060, providing, in part:

> Any vehicle operating upon the public highways of this state and at any time found to be defective in equipment in such a manner that it may be considered unsafe shall be an unlawful vehicle and may be prevented from further operation until such equipment defect is corrected and any peace officer is empowered to impound such vehicle until the same has been placed in a condition satisfactory to vehicle inspection.

The trooper's decision to impound is discretionary. "Discretion necessarily involves sound judgment based upon the particular facts and circumstances confronting the officer". *Reynoso*, at 119.

It is undisputed the vehicle had defective equipment. But Trooper Walcker testified he would not have impounded for "simply a [head]light violation." The trooper acknowledged that had there been a sober person present, that person would have been permitted to drive. However, the troopers concluded the darkness, Mr. Hill's odor of intoxicants, and Apple Blossom weekend created a heightened risk the car was unsafe to drive.

Although authorized by statute, impoundment must nonetheless be reasonable under the circumstances to comport with constitutional guaranties. *State v. Barajas*, 57 Wn. App. 556, 789 P.2d 321, *review denied*, 115 Wn.2d 1006 (1990). Article 1, section 7 of the Washington Constitution may provide greater protection than the Fourth Amendment in this area.

---

constitutional error. *State v. Poirier*, 34 Wn. App. 839, 841, 664 P.2d 7 (1983), and citations therein. The purpose of the rule, however, is to make a record for appeal. *State v. Moore*, 61 Wn.2d 165, 175, 377 P.2d 456 (1963). The purpose is served here by the court's letter decision.

The trial court concluded the more recent case of *Colorado v. Bertine*, 479 U.S. 367, 93 L. Ed. 2d 739, 107 S. Ct. 738 (1987) does not require police officers to determine the vehicle's occupants' preferred alternatives to disposition or consider all alternatives. The Colorado Supreme Court had premised its decision on the United States Constitution. *Bertine*, 479 U.S. at 370. *Bertine*, 479 U.S. at 374, held that under the United States Constitution the police were not required to determine whether the driver wanted an inventory after lawful impoundment and the decision "does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." (quoting *Illinois v. Lafayette*, 462 U.S. 640, 647, 77 L. Ed. 2d 65, 103 S. Ct. 2605 (1983)). The decision to impound was upheld based on the exercise of discretion

> in light of standardized criteria, related to the feasibility and appropriateness of parking and locking a vehicle rather than impounding it. There was no showing that the police chose to impound Bertine's van in order to investigate suspected criminal activity.

(Footnote omitted.) *Bertine*, 479 U.S. at 375-76.

We decide this case under Const. art. 1, § 7,[4] which provides "heightened protection" to our citizens' privacy rights. *State v. Chrisman*, 100 Wn.2d 814, 818, 676 P.2d 419 (1984), and its progeny.

█ In Washington, impoundment is inappropriate when reasonable alternatives exist. *State v. Greenway*, 15 Wn. App. 216, 219, 547 P.2d 1231, *review denied*, 87 Wn.2d 1009 (1976); *State v. Bales*, 15 Wn. App. 834, 837, 552 P.2d 688 (1976), *review denied*, 89 Wn.2d 1003 (1977); *see Reynoso*. In *State v. Hardman*, 17 Wn. App. 910, 914, 567 P.2d 238 (1977), *review denied*, 89 Wn.2d 1020 (1978), the court stated that although an officer is not required to exhaust all possible alternatives before deciding to impound, the officer must show he "at least

---

[4]Article 1, section 7 provides:
"**INVASION OF PRIVATE AFFAIRS OR HOME PROHIBITED.** No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

thought about alternatives; attempted, if feasible, to get from the driver the name of someone in the vicinity who could move the vehicle; and then reasonably concluded from his deliberation that impoundment was in order." *Houser*, at 153, held: "It is unreasonable to impound a citizen's vehicle . . . where a reasonable alternative to impoundment exists."

Trooper Walcker testified he did not ask Mr. Hill if anyone else could drive, suggest a telephone call to someone, or ask if he wanted his car parked and left in the adjacent parking lot. The troopers made no attempt to determine reasonable alternatives. Here, unlike *Bertine*, there are no regulations in the record. The trooper did testify the impoundment was performed pursuant to normal or standard police procedure: not allowing the park and lock alternative in the commercial parking lot; not allowing a trooper to drive the vehicle off the sidewalk; and not asking Mr. Hill if he wanted an inventory performed.

Trooper Walcker, on cross examination, testified he was unclear of the exact circumstances which made the impoundment normal. He stated he would not impound based on a single beer, a simple headlight violation, or if a sober person were available to drive the vehicle.

In Washington, "the mere showing that the vehicle would otherwise have been left on private property for an unknown length of time is not sufficient to allow the impoundment . . .". *Hardman*, at 914. RCW 46.55.070 prohibits towing a vehicle on nonresidential private property or in a public parking facility for less than 24 hours unless an impoundment warning sign is posted. *Hardman*, at 915, stated in dicta, "the absence of circumstances to justify an impoundment should be a conclusive defense to any claim against the police for vandalism or theft of the vehicle after it was locked and allowed to remain legally parked." Therefore, Trooper Walcker's testimony the park and lock alternative was not available because the parking lot was private property and there was a threat of vandalism provides extremely weak justification.

Here, the troopers stated they would have released the vehicle to a sober person once a violation of RCW 46.61.502 and .504 was ruled out. There was ample parking adjacent to the auto parts store. The trooper decided to impound only after asking twice to search the vehicle and made no inquiries as to the availability of another driver coming to pick up the car. The impoundment was unreasonable.

The State has made an argument the warrantless search may be upheld as an automobile search incident to the lawful arrest of Mr. Gomes.

■ A search of the passenger compartment of a vehicle, excluding locked containers, immediately after arrest for weapons or destructible evidence is valid even when a passenger, not the driver, is arrested. *State v. Stroud*, 106 Wn.2d 144, 152, 720 P.2d 436 (1986) (decided solely on article 1, section 7 of the Washington Constitution); *State v. Cass*, 62 Wn. App. 793, 795-96, 816 P.2d 57 (1991) (decided on independent state grounds), *review denied*, 118 Wn.2d 1012 (1992). The difficulty here is all the testimony relates to impoundment, not to searching the vehicle incident to Mr. Gomes' arrest. Moreover, a search incident to arrest is valid under the Fourth Amendment only if the delay between the arrest and search is reasonable. *State v. Smith*, 119 Wn.2d 675, 683, 835 P.2d 1025 (1992). Delay is unreasonable if it involves "unnecessarily time-consuming activities unrelated to the securing of the suspect and the scene." *Smith*, at 684.

Here, Mr. Gomes was arrested and placed in the patrol car. Two sobriety tests were administered to Mr. Hill, which ruled out an illegal intoxication level. The troopers discussed whether a blue bag found in the car belonged to Mr. Gomes. They asked Mr. Hill twice if he would consent to a search of the vehicle. Faced with Mr. Hill's refusal, the troopers decided to impound the car and proceeded to search the vehicle. They did not search the vehicle as a result of Mr. Gomes' arrest.

Under these circumstances, the impoundment was unreasonable and the search was unrelated to securing Mr. Gomes or the scene.

Reversed.

SHIELDS, C.J., and SWEENEY, J., concur.

Review denied at 121 Wn.2d 1020 (1993).