60 P.3d 53 (2002)
148 Wash.2d 145
In re IMPOUNDMENT OF CHEVROLET TRUCK, WA LICENSE # A00125A By and Through its REGISTERED/LEGAL OWNER.
All Around Underground, Inc., a Washington corporation, Petitioner,
v.
State of Washington, Washington State Patrol, an agency of the State of Washington; and Auburn Valley Towing, Respondents.
American L.S. Maintenance, Inc., Respondent,
v.
State of Washington, Washington State Patrol, an agency of the State of Washington, Petitioner.
No. 71848-2.
Supreme Court of Washington, En Banc.
Argued May 23, 2002.
Decided December 12, 2002.
*56 Rhys Sterling, Attorney at Law, Hobart, WA, for Petitioners.
Christine Gregoire, Attorney General, Gregory Brunson, Linda Dalton, Suzanne Shaw, Assistants, Olympia, WA, Crandall, Long & O'Neill, Duane Crandall, Longview, WA, for Respondents.
McGavick Graves, PS, Loren Combs, Tacoma, WA, Federal Way City Attorney's Office, Bob Sterbank, Olympia, WA, Asst. City Attorney-Criminal Division, Richard Greene, Seattle, City Atty's Office, William Fosbre, Everett, WA, Nancy Talner, Attorney at Law, Kenmore, WA, David Girard, Attorney at Law, Edmonds, WA, for amici curiae. *54
*55 SANDERS, J.
These consolidated cases challenge a Washington State Patrol regulation which mandates troopers impound every vehicle driven by one who is arrested for driving with a suspended or revoked license. The claim is this regulation violates the prohibition against unreasonable seizures of property embodied in article I, section 7, of the Washington constitution as well as the Fourth Amendment to the United States Constitution. However, we are able to avoid the constitutional issue by resolving the case on statutory grounds.

FACTS

All Around Underground, Inc. v. State
In October 2000 a Washington State Patrol trooper stopped a van owned by All Around Underground, Inc. (All Around), because it did not have an observable rear cross view device or posted gross vehicle weight signs. The trooper learned the driver's driving privileges were suspended and cited him accordingly. The owner of All Around was also present at the scene, but was informed by the trooper that because the driver did not have a valid license the van had to be impounded pursuant to a State Patrol regulation even though the owner could have safely taken possession of the vehicle. See WAC 204-96-010 (mandating the impoundment of every vehicle driven without a valid license). The owner offered to remove the van in lieu of impoundment, but WAC 204-96-010 left the trooper without choice in the matterthe regulation man dated the van be impounded. Accordingly, the van was impounded for 30 days pursuant to RCW 46.55.120(1)(a).
Three days later All Around secured early release of the van by paying $476.48 in impound and storage fees. All Around then demanded a vehicle impoundment hearing before the King County District Court, Aukeen Division.[1] All Around argued the impoundment was an unconstitutional seizure in violation of article I, section 7, of the Washington Constitution and the Fourth Amendment to the United States Constitution. The district court held the van was properly impounded and saw no constitutional defect in the State Patrol's regulation.[2]
*57 All Around appealed to the King County Superior Court which affirmed.[3] All Around then sought and obtained discretionary review by this court and American L.S. Maintenance v. Washington State Patrol, Cause No. 26680-6-II, then pending before the Court of Appeals, was consolidated in the same appeal.
All Around asks us to address whether the State Patrol's blanket rule in WAC 204-96-010 comports with the constitutional requirement that all vehicle impoundments be reasonable,[4] and also requests compensation for the impound and storage fees as well as reasonable attorney fees.

American L.S. Maintenance, Inc. v. Washington State Patrol
In January 2000 the State Patrol stopped a dump truck owned by American L.S. Maintenance, Inc. for a commercial vehicle inspection. The inspection stop included a check of the driver's qualifications and vehicle licensing. The commercial vehicle inspection enforcement officer discovered the driver was driving on a suspended license and called for the assistance of a Washington State Patrol trooper. The trooper cited the driver for driving with a suspended license and took him into custody based on an unrelated outstanding warrant. During the stop the owner *58 of American L.S. arrived at the scene. Notwithstanding, as in the case of All Around, the trooper impounded the dump truck for 30 days pursuant to RCW 46.55.120(1)(a). Again, WAC 204-96-010 left the trooper without choice of releasing the vehicle to its owner.
American L.S. requested a vehicle impoundment hearing before the Cowlitz County District Court. The district court declared the impoundment improper pursuant to chapter 46.55 RCW and awarded judgment against the State Patrol for $1,912.25 to compensate American L.S. for the cost of impoundment, storage fees, and court costs. The State Patrol appealed to the Superior Court of Cowlitz County, and American L.S. cross-appealed the allegedly inadequate damage award. The superior court affirmed as to whether the impoundment was improper, but remanded for further proceedings to calculate damages and to determine reasonable attorney fees, if appropriate.
The Court of Appeals accepted discretionary review, which we then transferred to this court for consolidation with All Around. Much like All Around, the State Patrol asks us to determine whether impoundment of American L.S. Maintenance, Inc.'s dump truck was proper under article I, section 7.[5] American L.S. seeks attorney fees, albeit on different grounds from those claimed by All Around.

DISCUSSION

I
The regulation at issue, WAC 204-96-010, was enacted by the Washington State Patrol in response to the legislature's 1998 amendment to the statutes authorizing the impoundment of vehicles operated by drivers with suspended or revoked licenses. See Laws of 1998, ch. 203, §§ 4, 5 (amending RCW 46.55.113, RCW 46.55.120).[6] Prior to this amendment law enforcement officers arresting a person for driving without a valid driver's license were statutorily authorized, but not required, to impound the driver's vehicle. Former RCW 46.55.113 (1996). In the words of the statute, "the arresting officer may take custody of the vehicle and provide for its prompt removal to a place of safety." Id. (emphasis added). In 1998, the legislature amended RCW 46.55.113 to read in pertinent part as follows:
Whenever the driver of a vehicle is arrested for a violation of RCW 46.61.502 or 46.61.504 or of RCW 46.20.342 or 46.20.420, the vehicle is subject to impoundment, pursuant to applicable local ordinance or state agency rule at the direction of a law enforcement officer.

Laws of 1998, ch. 203, § 4. (Emphasis added.)
The legislature made several findings to support this amendment. It reaffirmed that its main concern behind authorizing impoundment of vehicles driven by suspended drivers was "to protect public safety following a driver's failure to comply with the laws of this state." Laws of 1998, ch. 203, § 1. The legislature also found "that suspended drivers are three times more likely to kill or seriously injure others," and concluded "all registered owners of motor vehicles in Washington have a duty to not allow their vehicles to be driven by a suspended driver." Id. The legislature concluded existing criminal penalties were "not sufficient to deter or prevent persons with a suspended or revoked license from driving" wherefore it found it "necessary to authorize the impoundment of any vehicle when it is found to be operated by a driver with a suspended or revoked license...." Id. It intended such impoundments "to be a civil in rem action against the vehicle in order to remove it from the public highways and reduce the risk posed to traffic safety by a vehicle accessible to a driver who is reasonably believed to have" driven with an invalid license. Id.
Based on the amendment to RCW 46.55.113, the State Patrol promulgated WAC 204-96-010:
*59 When a driver of a vehicle is arrested for a violation of:

RCW 46.61.502 Driving under the influence,
RCW 46.61.504 Physical control of vehicle under
 the influence,
RCW 46.20.342 Driving while license suspended
 or revoked,
RCW 46.20.420 Operation of motor vehicle under
 other license/permit prohibited
 while suspended or revoked,

the arresting officer shall cause the vehicle to be impounded.
(Emphasis added.)
The threshold concern is whether this mandatory impoundment rule exceeds the statutory authority to impound since the statute merely makes vehicles "subject to impoundment... at the direction of a law enforcement officer." RCW 46.55.113.

II
Interpretation of a statute and its implementing regulations is a question of law. See Franklin County Sheriff's Office v. Sellers, 97 Wash.2d 317, 325, 646 P.2d 113 (1982). Our review is de novo. See id.[7] Additionally, the proceedings in All Around before the district court were treated by the parties as a motion for summary judgment. Although the nature of the district court proceedings in American L.S. is not apparent from the record, ostensibly they were of the same nature as in All Around since both proceedings were vehicle impoundment hearings before a district court. Review of a summary judgment is de novo. Kruse v. Hemp, 121 Wash.2d 715, 722, 853 P.2d 1373 (1993).
Unlike the State Patrol's regulation the statute does not require impoundment of every vehicle when its driver is arrested for driving with a suspended or revoked license; it merely authorizes individual impoundments. In the language of RCW 46.55.113, whenever the driver is arrested "the vehicle is subject to impoundment ... at the direction of a law enforcement officer." The phrase "subject to" cannot be construed to mandate impoundment by removing from the individual officer discretion on whether to impound, especially in light of the subsequent phrase "at the direction of a law enforcement officer." Cf. e.g., State v. Hill, 68 Wash.App. 300, 305, 842 P.2d 996 (1993) (construing RCW 46.32.060, under which law enforcement officers are "empowered to impound" unsafe vehicles, to grant discretionary authority to impound). This conclusionthat RCW 46.55.113 merely grants discretionary authority to impoundis also corroborated by this legislative finding:
In order to adequately protect public safety and to enforce the state's driver licensing laws, it is necessary to authorize the impoundment of any vehicle when it is found to be operated by a driver with a suspended or revoked license....
Laws of 1998, ch. 203, § 1 (emphasis added). Without need to pass judgment on the constitutionality of RCW 46.55.113 under article I, section 7, or the Fourth Amendment, we note similar grants of discretionary impoundment authority have been upheld in the past. See, e.g., State v. Coss, 87 Wash.App. 891, 899, 943 P.2d 1126 (1997); State v. Reynoso, 41 Wash.App. 113, 119, 702 P.2d 1222 (1985); Hill, 68 Wash.App. at 305, 842 P.2d 996.[8]
*60 The State Patrol agrees RCW 46.55.113 does not mandate impoundments, see Br. of Resp't at 30 n. 12,[9] yet argues its "rule requiring an arresting trooper to impound any vehicle driven by a suspended driver is valid for the same reason" that RCW 46.55.113 is valid. Id. at 31. But the validity of the underlying statute does not necessarily validate regulations promulgated under color of that statute. For example in State v. Munson, the Court of Appeals overturned two convictions for fishing in closed waters in violation of WAC 220-20-010 because the Department of Fisheries exceeded its statutory authority by adopting the regulation. 23 Wash.App. 522, 527, 597 P.2d 440 (1979). Although the statute made such fishing lawful unless specifically closed by the department, WAC 220-20-010 made such fishing un lawful unless specifically opened by the department. Id. The Court of Appeals invalidated the department's regulation because the department was not empowered "to reverse its statutory duty by making all fishing areas closed unless specifically opened by department regulations." Id. at 524, 597 P.2d 440.
Similarly, the State Patrol here exceeded its statutory authority when it enacted WAC 204-96-010. RCW 46.55.113 merely empowers the State Patrol to impound vehicles under lawful circumstances "at the direction of a law enforcement officer." The State Patrol may not act beyond that because administrative agencies have no inherent powers. State ex rel. Pub. Util. Dist. No. 1 of Okanogan County v. Dep't of Pub. Serv., 21 Wash.2d 201, 208-09, 150 P.2d 709 (1944). Agencies may exercise only those powers conferred on them expressly or by necessary implication. Id.[10] If an enabling statute does not authorize a particular regulation, either expressly or by necessarily implication, "that regulation must be declared invalid despite its practical necessity or appropriateness." Wash. Indep. Telephone Ass'n v. Telecomm. Ratepayers Ass'n for Cost-Based & Equitable Rates, 75 Wash.App. 356, 363, 880 P.2d 50 (1994). To hold otherwise would be to "defer to an agency the power to determine the scope of its own authority." In re Elec. Lightwave, Inc., 123 Wash.2d 530, 540, 869 P.2d 1045 (1994).
As noted, the express language of RCW 46.55.113 does not require every vehicle driven by a suspended driver be impounded. Thus, the State Patrol's mandatory-impoundment regulation in WAC 204-96-010 is statutorily authorized only if RCW 46.55.113 delegates authority to promulgate such regulations by necessary implication. It does not. Cf., e.g., Kaiser Aluminum & Chem. Corp. v. Dep't of Labor & Indus., 121 Wash.2d 776, 780, 854 P.2d 611 (1993) (noting that since nothing in the legislative grant of authority expressly granted the Board of Industrial Insurance Appeals the *61 power to appeal superior court decisions, "if the Board has such an authority, it must be necessarily implied").
The State Patrol argues WAC 204-96-010 is authorized by the current version of RCW 46.55.113 because the legislature added additional goals when it amended that statute, "none of which would be accomplished by releasing the vehicle to a licensed third party at the scene." Br. of Resp't at 24-25 (All Around); Appellant's Opening Br. at 11-12 (American L.S. Maintenance). The legislature's traditional and primary interest in authorizing impoundment of vehicles driven by suspended drivers is to prevent a continuation of the offense of driving with an invalid license. See Reynoso, 41 Wash.App. at 119, 702 P.2d 1222. The 1998 amendment to RCW 46.55.113 did not change thatthe legislature's goal remains to protect public safety by preventing recidivism by persons whose license is suspended or revoked. See Laws of 1998, ch. 203, § 1 (finding it necessary to authorize vehicle impoundments in light of the increased risk posed by suspended drivers). This goal is admittedly valid and does support impoundment of vehicles under some, but not all, circumstances. See, e.g., Coss, 87 Wash.App. at 899, 943 P.2d 1126.
The additional goals to which the State Patrol refers, and which purportedly cannot be met unless officers are mandated to impound vehicles in every case, are (1) to provide an appropriate measure of accountability for registered owners who allow persons with suspended or revoked licenses to drive their vehicles and (2) to transform impoundment into a civil in rem action against the vehicle. Br. of Resp't at 24-25; Appellant's Opening Br. at 11-12; see also, Laws of 1998, ch. 203, § 1. Because of these additional goals, the Patrol argues, the legislature's 1998 amendment effected a fundamental change to the entire impoundment scheme.
We disagree. The authority to impound is unchanged from former RCW 46.55.113, which provided "the arresting officer may take custody of" vehicles driven by suspended drivers and the language of the current version of the statute which makes such vehicles "subject to impoundment ... at the direction of a law enforcement officer." RCW 46.55.113. Both versions of the statute are permissive. Cf. supra at 10-11.[11]
The State Patrol further suggests WAC 204-96-010 is not only authorized by RCW 46.55.113, but is in fact necessary because to strike it down "would in essence eliminate any important means to accomplish the legislature's goal." Br. of Resp't at 7. This argument is belied by the fact that not every impoundment regulation promulgated pursuant to RCW 46.55.113 mandates impoundment. For example, some municipal and county codes follow the language of RCW 46.55.113 and provide vehicles driven with a suspended or revoked license are "subject to impoundment" at the direction of the officer at the scene. See, e.g., Island County Code 10.06.060 (2000); Everett Municipal Code 46.10.010; Federal Way Municipal Code ch. 15-221. To accept the Patrol's argument would in essence require us to declare these discretionary impoundment schemes not only ineffective to carry out the legislature's intent, but contrary to statute.[12]
*62 Finally, that the legislature intended impoundment to act as a "civil in rem action against the vehicle" does not resolve whether the State Patrol's mandatory impoundment regulation exceeds the scope of statutory authority. See Laws of 1998, ch. 203, § 1. In rem is a jurisdictional concept. See, e.g., State ex rel. Lauridsen v. Superior Court, 179 Wash. 198, 208, 37 P.2d 209 (1934); Black's Law Dictionary 793 (6th ed.1990) (defining in rem as a "technical term used to designate proceedings or actions instituted against the thing") (emphasis omitted). That the courts of Washington have jurisdiction over the res does not answer whether RCW 46.55.113 authorizes a mandatory-impoundment regulation.
WAC 204-96-010 is invalid because it exceeds the legislative grant of authority in RCW 46.55.113. We therefore reverse the superior court in All Around and affirm the superior court in American L.S. on the propriety of these vehicle impoundments. Since we can resolve these proceedings on this statutory basis, we need not address whether these impoundments accord with article I, section 7, or the Fourth Amendment. Ohnstad v. City of Tacoma, 64 Wash.2d 904, 907, 395 P.2d 97 (1964); see also State v. Hall, 95 Wash.2d 536, 539, 627 P.2d 101 (1981) ("A reviewing court should not pass on constitutional issues unless absolutely necessary to the determination of the case.").

III
We next turn to the vehicle owners' requests for an award of reasonable attorney fees. American L.S. requests attorney fees primarily under the common fund theory, arguing the collective cost of improper impoundments by the State Patrol constitutes a fund out of which such funds may be awarded.[13] All Around requests attorney fees under a new theory similar to both the common fund and private attorney general exception to the American rule.
Under the American rule compensation for attorney fees and costs may be awarded only if authorized by contract, statute, or a recognized ground in equity. Bowles v. Dep't of Ret. Sys., 121 Wash.2d 52, 70, 847 P.2d 440 (1993) (citing Painting & Decorating Contractors of Am., Inc. v. Ellensburg Sch. Dist., 96 Wash.2d 806, 815, 638 P.2d 1220 (1982); Seattle Sch. Dist. No. 1 of King County v. State, 90 Wash.2d 476, 540, 585 P.2d 71 (1978)). We find no contract or recognized ground in equity, but there is a relevant statute.
RCW 46.55.120(3)(e) authorizes awards of reasonable attorney fees and costs if an impoundment is found to be in violation of chapter 46.55 RCW and these expenses were incurred in an action to enforce a judgment based on the improper impoundment. Although the district court in American L.S. found impoundment of the dump truck improper pursuant to chapter 46.55 RCW, and entered judgment in favor of American L.S., this is not an action to enforce that judgment. American L.S. is therefore not entitled to attorney fees or costs pursuant to this statute. Further, since the district court in All Around found in favor of the State Patrol, All Around is also not entitled to an award of attorney fees or costs pursuant to RCW 46.55.120(3)(e).
However, since we find these vehicle impoundments to violate chapter 46.55 RCW, we need consider whether All Around and American L.S. are entitled to impound costs, filing fees for the impound hearings, and damages for the loss of use of their respective vehicles.
All Around requests judgment for $476.48 in impound and storage fees, a $41 filing fee for the impound hearing before the district court, and filing fees for and cost of appealing *63 to the superior court and this court. It does not, however, request damages for the loss of use of its van during its three-day impoundment. See Br. of Appellant before the Supreme Court of Washington at 49-50; Br. of Appellant before the Superior Court of King County at 3, 25. Since the impoundment of All Around's van violated chapter 46.55 RCW, it is entitled to compensation for the cost for impoundment, towing, and storage of its van. RCW 46.55.120(3)(e). $476.46 for impound and storage and $41 in filing fees are supported by the record. See AACP at 65, 70. We therefore remand to the district court for entry of judgment against the Washington State Patrol and in favor of All Around in that amount.
In American L.S., the district court entered judgment against the State Patrol to compensate the vehicle owner for towing and storage fees of $1,881.25 and the $31 filing fee for the impound hearing. The district court did not award American L.S. damages to compensate for the loss of use of its dump truck, a decision which American L.S. Maintenance appealed. The superior court concluded the "District Court's decision as to damages is correct as to the amounts awarded but is incomplete...." American Maintenance Clerk's Papers at 42. It therefore remanded "to determine the amount American LS Maintenance has been damaged by loss of use during the impoundment period." Id. We agree.

CONCLUSION
The State Patrol's regulation is invalid because it exceeds the statutory authority in RCW 46.55.113. While the statute permits vehicle impoundments at the discretion of the officer at the scene, WAC 204-96-010 requires troopers to impound regardless of the circumstances. We therefore reverse the superior court in All Around on the propriety of the impoundment and remand for entry of judgment awarding All Around compensation for impound and storage costs as well as the filing fee for the impound hearing. We affirm the superior court in American L.S. on the impropriety of the vehicle impoundment there, and remand for further proceedings in the district court on the issue of reasonable damages for loss of use. All Around and American L.S. shall recover their statutory costs and statutory attorney fees at trial and on appeal as the prevailing parties. RCW 4.84.010, .030.
ALEXANDER, C.J., and SMITH and OWENS, JJ., concur.
CHAMBERS, J., concurs and files an opinion.
JOHNSON, J., dissents and files and opinion, joined by IRELAND, MADSEN and BRIDGE, JJ.
CHAMBERS, J. (concurring).
I concur completely with the majority's well-reasoned opinion. I write separately to respond to the dissent's interpretation of the 1998 amendment to the underlying law.
As the majority notes, law enforcement officers have long had the power to impound vehicles driven by unlicensed drivers, and to take custody of vehicles to protect public safety. See, e.g., former RCW 46.55.113 (1994); State v. Coss, 87 Wash.App. 891, 943 P.2d 1126 (1997). Both Washington case law and Washington statutory law have historically required an exercise of officer discretion to determine whether impoundment was reasonable and appropriate. See former RCW 46.55.113 ("Whenever the driver of a vehicle is arrested ... the arresting officer may take custody of the vehicle.") (emphasis added); State v. Reynoso, 41 Wash.App. 113, 119, 702 P.2d 1222 (1985). In Reynoso, the Court of Appeals specifically concluded that the mere fact a vehicle was driven by an unlicensed driver was insufficient to justify impoundment, and that seizure is unlawful unless (1) "there is probable cause to seize the vehicle" or (2) "there are no reasonable alternatives to impoundment." Reynoso, 41 Wash.App. at 116, 702 P.2d 1222. Impoundment is not reasonably necessary when other drivers are available to move or take custody of the vehicle. See State v. Simpson, 95 Wash.2d 170, 189, 622 P.2d 1199 (1980). Such determinations necessarily require an exercise of officer discretion, and therefore the state patrol regulation, read against the background of our law, goes too far.
*64 Reynoso and its progeny are consistent with article I, section 7 of the Washington State Constitution. Under both federal and Washington State Constitutions, all seizures of person or property must be reasonable. Payton v. New York, 445 U.S. 573, 585, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); State v. Kennedy, 107 Wash.2d 1, 4, 726 P.2d 445 (1986). Against this principle we must consider the 1998 legislature's legitimate finding that the high rate of recidivism among drivers with suspended licenses is of grave public concern. The legislature amended RCW 46.55.113 to provide that when a law enforcement officer made an arrest for certain offenses, "the vehicle is subject to impoundment, pursuant to applicable local ordinance or state agency rule at the direction of a law enforcement officer." RCW 46.55.113. While this is a significant change in the language of the statute, it is not one that completely removes officer discretion. As the Washington State Patrol (WSP) agrees, "subject to [impoundment]" simply means that a vehicle may be impounded under circumstances described in the statute, not that it must be. WSP Resp. Br. at 30 n. 12. I believe the legislature intended to continue discretionary impoundment, under clear criteria established by a locality or state agency, consistent with constitutional requirements. This allows some measure of local control, while clearly signaling the legislature's proper concern for safety on our state's roadways. The significant amendment to the legislative schema was the addition of "pursuant to applicable local ordinance or state agency rule at the direction of a law enforcement officer." RCW 46.55.113. Far from authorizing blanket seizure, this language merely partially codifies the long-standing common law requirement that officer discretion whether or not to impound must be reasonable and may be exercised within standardized criteria. See, e.g., Colorado v. Bertine, 479 U.S. 367, 376-77, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); cf. State v. White, 135 Wash.2d 761, 958 P.2d 982 (1998); See generally Jeffrey Hannigan Kuras, Catherine Kriendler Levy, Jennifer L. Burns & Scott A. Lowry, Warrantless Searches and Seizures, 90 GEO. L.J. 1130, 1185 (2002).
While there is no doubt that the legislature found vehicle impoundment to be a useful tool in promoting the safety of our roads, there is no reason to believe that it intended to overrule the Reynoso line of cases requiring a reasonable exercise of discretion in impoundments. The legislature "is presumed to know the existing state of the case law in those areas in which it is legislating and a statute will not be construed in derogation of the common law unless the Legislature has clearly expressed its intention to vary it." Price v. Kitsap Transit, 125 Wash.2d 456, 463, 886 P.2d 556 (1994). Here there is no clear expression of legislative intent that impoundment be mandatory. Indeed, the legislature specifically used the words, "at the direction of a law enforcement officer," which is not inconsistent with our case law. RCW 46.55.113.
There are other factors indicating the legislature did not intend mandatory impoundments. First, the legislature must have known that, for the poor, impoundment often means forfeiture. While there are procedures for an owner to recover an impounded vehicle, for the poor who cannot afford the towing and storage fees, these procedures offer little relief. Second, the legislature must have been aware of how difficult it is to obtain current licensing information from the Department of Licensing (DOL). It is unlikely that the legislature would impose severe penalties on an owner for allowing a suspended driver to drive a vehicle without providing some quick and accessible mechanism to verify whether the driver is licensed. No such mechanism is available to the average person. The categories of those legally permitted to obtain these records are limited. An employer, an insurer, a prosecuting attorney, or a drug treatment agency may obtain an abstract of a driving record only by meeting specific statutory requirements; generally, through a written and signed request, accompanied by written consent of the driver, and payment of a fee. RCW 46.52.130. Strong and legitimate privacy protections protect DOL records. Cf. RCW 46.12.390. Under the Driver's Privacy Protection Act of 1994, 18 U.S.C. § 2721, it is doubtful that an average car owner can legally discover whether a prospective *65 driver's license has been suspended. Third, the legislature must have known that vehicles are often loaned in emergencies. A good neighbor might loan her car to a neighbor whose car unexpectedly will not start on the morning of a doctor appointment for a sick child. Similarly, a vehicle left with a mechanic may be driven by many people without the owner's knowledge. It is unreasonable to believe that the legislature intended to impound cars driven by mechanics or valets hired by theaters, charity events, or political fund-raisers. It is simply unreasonable to believe the legislature intended an owner to verify the official driving record of every prospective driver when the legislature itself has properly made such verification extremely difficult.
It may be that proper, less burdensome postseizure procedures could be established that would satisfy constitutional requirements. That case is not before us today, and I share the majority's unease that such could be established. Majority at 57 n. 3. But in the absence of clear legislative intent to derogate the common law and substitute a new system that gives proper weight to the interests of the private property owner and public safety, WAC 204-96-010 goes too far. Therefore, I concur with the majority.
JOHNSON, J. (dissenting).
The majority improperly assumes the Legislature's powers by unilaterally curtailing the State Patrol's lawful exercise of its legislatively granted power. It is the Legislature's responsibility, not this Court's, to dictate the scope of an agency's authority. If the Legislature mistakenly vests an agency with the power to limit its agents' discretion, that is an excess for the Legislature to fix, not the courts. While the State Patrol's blanket rule of mandatory impoundment may be harsh, and even ill advised, that does not mean that the Legislature did not grant it the power to make the rule in the first place. Because this is a matter for the Legislature to address, not the courts, I dissent.
In amending RCW 46.55.113 in 1998, the Legislature made several findings:
Suspended drivers are more likely to be involved in causing traffic accidents, including fatal accidents, than properly licensed drivers, and pose a serious threat to the lives and property of Washington residents.... [S]uspended drivers are three times more likely to kill or seriously injure others in the commission of traffic felony offenses than are validly licensed drivers.... Because of the threat posed by suspended drivers, all registered owners of motor vehicles in Washington have a duty to not allow their vehicles to be driven by a suspended driver.

Despite the existence of criminal penalties for driving with a suspended or revoked license, an estimated seventy-five percent of these drivers continue to drive anyway. Existing sanctions are not sufficient to deter or prevent persons with a suspended or revoked license from driving.... Vehicle impoundment will provide an immediate consequence which will increase deterrence and reduce unlawful driving by preventing a suspended driver access to that vehicle. Vehicle impoundment will also provide an appropriate measure of accountability for registered owners who permit suspended drivers to drive their vehicles.

1998 LAWS OF WASHINGTON, Ch.203 § 1 (emphasis added).
As amended, RCW 46.55.113 grants municipalities and state law enforcement agencies the authority to impound a vehicle that is driven or controlled by a person either under the influence of drugs or alcohol or without a valid operator's license:
Whenever the driver of a vehicle is arrested for a violation of RCW 46.61.502 or 46.51.504 or of RCW 46.20.342 or 46.20.420, the vehicle is subject to impoundment, pursuant to applicable local ordinance or state agency rule at the direction of a law enforcement officer.
Pursuant to RCW 46.55.113, the Washington State Patrol promulgated WAC 204-96-010:
When the driver of a vehicle is arrested for a violation of:

RCW 46.61.502 Driving under the influence,
RCW 46.61.504 Physical control of vehicle under the
 influence,
RCW 46.20.342 Driving while license suspended or
 revoked,
RCW 46.20.420 Operation of motor vehicle under
 other license/permit prohibited
 while suspended or revoked,

*66 the arresting officer shall cause the vehicle to be impounded.
The question before this court is whether WAC 204-96-010 exceeds the grant of authority in RCW 46.55.113. It does not.
Although the majority correctly concludes the statute does not mandate impoundment of every vehicle driven in violation of RCW 46.61.502, 46.61.504, 46.20.342 or 46.20.420, it falls far short of properly addressing the argument that the Legislature impliedly delegated the authority to municipalities and state agencies to impound every such vehicle.
The language of RCW 46.55.113 is plain: vehicles driven in violation of the enumerated statutes are subject to impoundment pursuant to local ordinance or state agency rule at the direction of a law enforcement officer. The Legislature chose to permit local governments and state agencies, including the Washington State Patrol, to promulgate the rules defining when the vehicles will be impounded. Therefore, a proper analysis of RCW 46.55.113 presents only three questions: (1) whether a vehicle was driven in violation of RCW 46.61.502, 46.61.504, 46.20.342 or 46.20.420; (2) whether a local ordinance or state agency rule authorizes impoundment for such a violation; and, (3) whether the impoundment was at the direction of a law enforcement officer.
Contrary to the majority's assertion, there is no similarity between the State Patrol's regulation and the regulation at issue in State v. Munson, 23 Wash.App. 522, 597 P.2d 440 (1979). In Munson, the "Washington State Legislature made fishing areas open unless specifically closed by department regulations." Munson, 23 Wash.App. at 524, 597 P.2d 440. The Department of Fisheries, on the other hand, made fishing areas closed unless specifically opened by department regulations. By substituting its judgment for the Legislature and closing all fishing areas, the department exceeded its grant of statutory authority. In contrast, here the Legislature made certain vehicles subject to impoundment "pursuant to applicable local ordinance or state agency rule." RCW 46.55.113. The Legislature expressly delegated to municipalities and state agencies the power to determine whether those same vehicles will in fact be impounded. The State Patrol has not substituted its judgment for that of the Legislatureit has simply exercised its lawfully granted authority.
The majority consistently emphasizes that the statute permits impoundment only "at the direction of a law enforcement officer." RCW 46.55.113. See majority at 58, 59, and 60. But it is apparent that the majority misreads "direction" as "discretion." Nothing in the plain language of RCW 46.55.113 requires or even suggests that the decision must be a matter of individual officer discretion. Rather, the Legislature granted the discretion in implementing RCW 46.55.113 to municipalities and state agencies. The Legislature authorized, or made "subject to impoundment" certain vehicles, which may then be impounded "pursuant to applicable local ordinance or state agency rule at the direction of a law enforcement officer." RCW 46.55.113 (emphasis added). Nothing in RCW 46.55.113 mandates that individual officers must exercise discretion in deciding whether to impound the vehicles; in fact, the statute clearly places that discretion in local lawmakers and agency policy makers. Law enforcement officers must direct the impoundment simply as a reflection of their role as law enforcers. It does not mean that officers must individually exercise their personal discretion.
The majority willfully ignores the plain language of RCW 46.55.113 and the plain fact that the Legislature amended RCW 46.55.113 for a reason. While automatic impoundment may not be the wisest rule, it is clearly within the State Patrol's authority under RCW 46.55.113 to make such a rule. Because the majority ignores the plain language of the law and substitutes its own judgment for that of the Legislature's, I dissent.
WE CONCUR: IRELAND, MADSEN and BRIDGE, JJ.
NOTES
[1] By agreement of the parties, All Around's complaint was treated as a motion for summary judgment.
[2] WAC 204-96-010 removes discretion from the individual officer on whether to impound at the scene since it requires every vehicle to be impounded regardless of the circumstances, such as availability of other validly licensed drivers. This was no problem according to the district court because, in its view, the constitution allows for "agency-wide decision-making on issues of reasonableness." All Around Clerk's Papers (AACP) at 88. We note without deciding the problematic nature of this reasoning that agency-wide discretion has previously been approved with respect to administrative inspection schemes of highly regulated industries subject to strict inspection schedules. See, e.g., Alverado v. Wash. Pub. Power Supply Sys., Ill Wash.2d 424, 435-36, 759 P.2d 427 (1988); Donovan v. Dewey, 452 U.S. 594, 101 S.Ct. 2534, 69 L.Ed.2d 262 (1981); New York v. Burger, 482 U.S. 691, 107 S.Ct. 2636, 96 L.Ed.2d 601 (1987). In stark contrast, the construction-type industries in which All Around and American L.S. Maintenance, Inc., engage are not highly regulated. In addition, neither the statutory nor regulatory bases for the State Patrol's "inspections" of the vehicles in this case specify the frequency of inspections. It is questionable such roving administrative inspections are constitutionally permissible.

The court also found in the alternative if the constitution requires discretion be exercised by the officer at the scene, this impoundment was nevertheless reasonable. We reject this reasoning on grounds of logic. Since WAC 204-96-010 divests officers of all discretion on whether to impound a particular vehicle, the officer who impounded All Around's van cannot have reasonably exercised discretion he did not have.
[3] The superior court's reasoning to affirm the district court was problematic. The superior court correctly noted the reasonableness determination with respect to a seizure is made based on all the circumstances of the impoundment, but then suggested this determination "includes both the probable cause determination that a violation has occurred as well as the procedures that the Patrol had in place to review the impoundment." AACP at 128. But the fact that the State Patrol has provided procedures following vehicle impoundment, such as provisions for the early release due to hardship, is irrelevant to determine whether the seizure was reasonable to begin with. "All facts subsequent to the impoundment are irrelevant to the threshold question of whether there was reasonable cause to impound." State v. Glasper, 84 Wash.2d 17, 23, 523 P.2d 937 (1974) (Finley, J., dissenting). The logical extension of the court's reasoning is that an otherwise unreasonable seizure (based on lack of probable cause to impound) can be "cured" by the provision of sufficiently detailed post seizure procedures. This would essentially turn the reasonableness determination for a seizure of personal property into one of procedural due process. But "[d]ue process at the tail end does not make an unreasonable seizure at the front end constitutional." Br. of Petitioner All Around at 16 n. 11. On this point, the State Patrol agrees. See Br. of Resp't Washington State Patrol at 32 ("The existence of post impound procedural protections has little bearing on a challenge to the overall constitutionality of the statute and rules" authorizing vehicle impoundment.).
[4] See, e.g., State v. Houser, 95 Wash.2d 143, 153, 622 P.2d 1218 (1980) (holding it is unconstitutional to impound a citizen's vehicle following his or her arrest when a reasonable alternative to impoundment exists); State v. Reynoso, 41 Wash.App. 113, 119, 702 P.2d 1222 (1985) (holding enforcement of statutory authority to impound "must be reasonable in order to satisfy constitutional requirements"); State v. Greenway, 15 Wash.App. 216, 219, 547 P.2d 1231 (1976) ("the ultimate issue is whether under all the facts and circumstances of the particular case there were reasonable grounds for an impoundment"); State v. Hill, 68 Wash.App. 300, 305, 306, 842 P.2d 996 (1993) ("Although authorized by statute, impoundment must nonetheless be reasonable under the circumstances to comport with constitutional guaranties.... In Washington, impoundment is inappropriate when reasonable alternatives exist."); State v. Coss, 87 Wash.App. 891, 899, 943 P.2d 1126 (1997) ("Although an officer is not required to exhaust all possibilities, the officer must at least consider alternatives.").
[5] See, supra, n. 4.
[6] In addition to driving on a suspended or revoked license, former RCW 46.55.113 (1996) also authorized impoundment in other situations, such as driving under the influence, abandoned vehicles, or stolen vehicles.
[7] The State Patrol's interpretation of RCW 46.55.113 is not entitled to substantial weight because the Patrol is not "charged with administering a special field of law" related to vehicle impoundments, nor is it "endowed with quasi-judicial functions because of its expertise in that field." Overton v. Wash. State Econ. Assistance Auth., 96 Wash.2d 552, 555, 637 P.2d 652 (1981).
[8] The dissent disagrees that RCW 46.55.113 merely grants discretionary authority to impound because "[n]othing in the plain language of RCW 46.55.113 requires or even suggests that the decision [to impound] must be a matter of individual officer discretion," dissent at 66, and seems to suggest the legislature may delegate to municipalities and agencies authority to issue mandatory-impoundment regulations, which is why, in the dissent's view, WAC 204-96-010 does not exceed the statutory authority in RCW 46.55.113. But courts have long held it is a constitutional requirement to consider reasonable alternatives to impoundment before impounding a vehicle. See supra n. 4. See also Anderson v. Morris, 87 Wash.2d 706, 716, 558 P.2d 155 (1976) ("Where a statute is susceptible to more than one interpretation, it is our duty to adopt a construction sustaining its constitutionality if at all possible."). The dissent does not even discuss the constitutionality of this regulation, which, unlike the majority, it cannot avoid.
[9] Initially, the State Patrol seemingly construed RCW 46.55.113 to require it to adopt "an agency rule to make impounding DUI and suspended drivers' vehicles mandatory in the agency." State Reg. XX-XX-XXX. See also Answer to Mot. for Discretionary Review at 8 n. 2 ("[W]hen RCW 46.55.113 and 120(1)(a) are read together, the discretion is not that of determining whether there are alternatives to impoundment. Rather, it is limited to determining the period of impoundment up to the maximum period provided in RCW 46.55.120(1)(a).").
[10] The dissent admits RCW 46.55.113 does not expressly delegate authority to issue mandatory-impoundment regulations, but concludes the legislature "impliedly delegated" such authority to municipalities and agencies. Dissent at 66. However, the dissent fails to consider whether such authority can be delegated by "`necessary implication.'" Human Rights Comm'n ex rel. Spangenberg v. Cheney Sch. Dist. No. 30, 97 Wash.2d 118, 125, 641 P.2d 163 (1982) (quoting State v. Munson, 23 Wash.App. 522, 524, 597 P.2d 440 (1979)). The rule of "necessary implication" includes only those powers that are essential to the declared purpose of the legislation, "not simply convenient, but indispensable" to carrying out the legislative purpose. City of Los Angeles v. L.A. City Water Co., 177 U.S. 558, 570-71, 20 S.Ct. 736, 44 L.Ed. 886 (1900); Detroit Citizens' St. Ry. Co. v. Detroit Ry., 171 U.S. 48, 55, 18 S.Ct. 732, 43 L.Ed. 67 (1898) ("Any grant of power in general terms read literally can be construed to be unlimited, but it may, notwithstanding, receive limitation from its purpose...."); cf., e.g., State ex rel. Holcomb v. Armstrong, 39 Wash.2d 860, 865, 239 P.2d 545 (1952). As discussed below, removing discretion from the individual officer at the scene by mandating impoundment in every situation is not necessary to carry out the legislative purpose behind RCW 46.55.113. Thus, authority to issue mandatory-impoundment regulations cannot be said to have been impliedly delegated by RCW 46.55.113.
[11] The State Patrol also attempts to support its mandatory impoundment regulation by arguing that under the new version of RCW 46.55.113 "it is no longer the officer at the scene who has the discretion of whether to impound the vehicle. Rather, the discretion on decisions of whether to impound are exercised by local ordinances or state agency rule." Answer to Mot. for Discretionary Review at 7. This argument assumes an agency, in issuing a blanket rule applicable to each and every impoundment situation, is able to foresee and incorporate into its rule the circumstances of each case. The State Patrol's own recent amendments to WAC 204-96-010 to account for unforeseen circumstances belie this utopian notion. See State Reg. XX-XX-XXX (adding a hardship provision allowing for the early release of an impounded vehicle by an owner able to demonstrate justifiable ignorance of the driver's lack of a valid license).
[12] As for the State Patrol's suggestion that persons charged with driving with license suspended or revoked routinely fail to appear in court, we have not been cited to any portion of the record supporting that assertion and have not been presented with any grounds upon which we may take judicial notice of that fact. We will therefore not address the merits of this pontification.
[13] American L.S. Maintenance also argues an award of attorney fees is justifiable because the State Patrol acted in bad faith by promulgating a "non-discretionary impound policy that flies in the face of case law." Br. of Resp't at 15 (American L.S. Maintenance). However, the State Patrol's conduct in enacting and enforcing WAC 204-96-010 does not rise to the level of bad faith, as such refers to conduct involving ill will, fraud, or frivolousness. See, e.g., In re Recall of Pearsall-Stipek, 141 Wash.2d 756, 783, 10 P.3d 1034 (2000); In re Estate of Mumby, 97 Wash.App. 385, 394-95, 982 P.2d 1219 (1999); Rogerson Hiller Corp. v. Port of Port Angeles, 96 Wash.App. 918, 928-29, 982 P.2d 131 (1999).