Roger W. **KNIGHT**, Plaintiff—Appellant,

v.

**CITY OF SEATTLE; et al.,**
Defendants—Appellees.

No. 02–35939.
D.C. No. CV–02–00201–BJR.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

## MEMORANDUM**

Roger W. Knight appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Fourth and Fourteenth Amendment violations arising out of the impoundment of his vehicle. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002), and may affirm on any ground supported by the record, *Flamingo Indus. (USA) Ltd. v. U.S. Postal Serv.*, 302 F.3d 985, 997 (9th Cir.2002). We affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument and denies Knight's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**454**

The district court properly granted summary judgment on Knight's Fourth Amendment claim because the defendants had no Fourth Amendment obligation to offer Knight an opportunity to avoid impoundment of his vehicle. *See United States v. Penn*, 233 F.3d 1111, 1116 (9th Cir.2000) (discussing with approval *United States v. Skillern*, 947 F.2d 1268, 1275–76 (5th Cir.1991)).

The district court properly granted summary judgment on Knight's Fourteenth Amendment claim because the post-deprivation procedures provided under state law satisfied due process. *See* Wash. Rev. Code § 46.55.120(2)(b); *Gilbert v. Homar*, 520 U.S. 924, 930–31, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997). Knight's contention that Seattle Municipal Code section 11.56.105(A) was facially unconstitutional because it did not allow the arresting officer to exercise discretion in impounding a vehicle is not supported by the plain text of the provision. *See All Around Underground, Inc. v. State (In re Impoundment of Chevrolet Truck)*, 148 Wash.2d 145, 60 P.3d 53, 61 (2002) (en banc) (holding that identical language in state statute gave arresting officer discretion).

Because there was no constitutional violation, the district court properly denied injunctive relief.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.