IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33874-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOEL MATTHEW GROVES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Joel Groves was convicted of drug offenses as a result of contraband found in a motorcycle he had been operating. Because the search of the motorcycle was unlawful, we reverse his conviction.

## FACTS

Mr. Groves was pulled over for speeding on a motorcycle. During the traffic stop, the Washington state trooper became suspicious that the motorcycle was stolen. Ultimately, these suspicions were never confirmed nor dispelled. Mr. Groves was not arrested, but he was not allowed to drive away with the motorcycle as he did not have a motorcycle endorsement. The trooper decided to impound the motorcycle based on a Washington State Patrol policy requiring the automatic impound of motorcycles operated without an endorsement.

During an inventory search of the motorcycle, the trooper removed the seat and discovered two cases that had been zippered shut. The trooper opened both cases in an effort to find documentation regarding ownership. Instead of documentation, the trooper found drugs and related evidence.

The contents of the zippered bags prompted the State to bring drug charges against Mr. Groves. The trial court denied Mr. Groves's pretrial motion to suppress evidence seized from the motorcycle search. He was then convicted after a jury trial and sentenced to 90 months incarceration. Mr. Groves appeals.

## ANALYSIS

Mr. Groves argues the evidence seized from the motorcycle should have been suppressed. We agree. Because the trooper decided to impound the motorcycle based on a mandatory state patrol policy, the initial impound decision violated state law that requires the exercise of individual discretion. RCW 46.55.113(2)(g); *In re Impoundment of Chevrolet Truck*, 148 Wn.2d 145, 60 P.3d 53 (2002). In addition, the subsequent inventory search was unlawful because the trooper opened closed containers without demonstrating exigent circumstances or consent. *State v. Houser*, 95 Wn.2d 143, 158, 622 P.2d 1218 (1980). Finally, the inventory was also illegal because it was not conducted according to standardized criteria and procedures. *Florida v. Wells*,

2

No. 33874-6-III
*State v. Groves*

495 U.S. 1, 4-5, 110 S. Ct. 1632, 109 L. Ed. 2d 1 (1990).

We recognize the trooper investigating Mr. Groves faced difficult circumstances. Although he lacked probable cause to believe the motorcycle was stolen, the trooper was also uncertain about ownership. He was understandably hesitant to release the motorcycle or to leave it on the side of the highway. But regardless of good intentions, the trooper's actions violated well established precedent. Less intrusive steps needed to be taken to investigate ownership and secure the motorcycle. Because this was not done, evidence seized from it must be suppressed.

## CONCLUSION

Mr. Groves's conviction is reversed and his charges are ordered dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

3