[No. 21383-8-III.   Division Three.   June 19, 2003.]

*In the Matter of the 1992 Honda Accord.*

JOSE L. BECERRA, *Petitioner*, v. THE CITY OF WARDEN, *Respondent*.

512

*Dennis W. Morgan*, for petitioner.

*Michael M. Wyman* and *James A. Whitaker* (of *Lemargie & Whitaker*), for respondent.

BROWN, C.J. — The City of Warden (City) impounded Mr. Becerra's motor vehicle in connection with his arrest for driving with a suspended license. Although the district court overturned the license suspension, it did not allow recovery of impound fees to Mr. Becerra, citing a good faith exception under RCW 46.55.120(3)(e). The superior court affirmed. We granted Mr. Becerra's petition for discretionary review for this first impression issue. Because we decide the good faith exception does not apply under these facts, we reverse.

## FACTS

The critical facts are uncontested. On May 12, 2000, Mr. Becerra was cited for driving under the influence (DUI). He pleaded guilty on February 14, 2001. Between May 12, 2000 and February 14, 2001, Mr. Becerra's driver's license was suspended for three unpaid tickets and was still suspended when he pleaded guilty to the DUI. The Department of

Licensing (DOL) did not suspend Mr. Becerra's license at the time of his February 14 DUI conviction.

Between February 14 and March 14, 2001, Mr. Becerra paid off his outstanding tickets. Mr. Becerra paid a $150 reinstatement fee on March 14, 2001, and DOL issued him a new driver's license on that date.

On March 27, 2001, DOL issued a notice of suspension of Mr. Becerra's driver's license retroactive to February 14, 2001. DOL did not offer Mr. Becerra an opportunity for a hearing in connection with the suspension.

On March 31, 2001, a Warden police officer stopped Mr. Becerra and issued him a criminal complaint for driving while license suspended in the second degree. The City impounded Mr. Becerra's car and issued him a criminal traffic complaint for driving while license suspended in the second degree. On April 2, 2001, Mr. Becerra received notice from DOL of the retroactive license suspension. On April 26, 2001, Mr. Becerra filed a request for an impound vehicle hearing in the Grant County District Court. Mr. Becerra redeemed his vehicle on May 4, 2001.

On July 11, 2001, the district court dismissed the criminal traffic complaint because DOL's procedures deprived Mr. Becerra of due process and issued consistent findings of fact and conclusions of law one week later. On August 20, 2001, the district court ruled the impoundment of Mr. Becerra's vehicle was proper because a Warden ordinance required impoundment where the driver's license is suspended. The district court further ruled the good faith exception set forth under RCW 46.55.120(3)(e) applied, thus precluding Mr. Becerra from any monetary relief. On September 21, 2001, the district court denied Mr. Becerra's CRLJ 59 motion for reconsideration.

Mr. Becerra then appealed to the Grant County Superior Court. The superior court affirmed the district court in a written decision. We granted discretionary review.

## ISSUES

First, we determine whether the trial court erred in deciding the impoundment was proper. If so, we analyze whether the "good faith" defense set forth in RCW 46.55.120(3)(e) precludes the owner of an improperly impounded vehicle of all monetary recovery for impoundment, towing, and storage fees. Last, we address attorney fees.

## ANALYSIS

### A. Standard of Review

■■ This appeal turns on the correct meaning of the towing and impoundment statute, chapter 46.55 RCW and chapter 10.38 of the Warden Municipal Code (WMC). Statutory interpretation is a question of law subject to de novo review. *State v. Beaver*, 148 Wn.2d 338, 344, 60 P.3d 586 (2002); *Berger v. Sonneland*, 144 Wn.2d 91, 104-05, 26 P.3d 257 (2001). The reviewing court interprets the statute "to best advance the legislative purpose." *State v. C.J.*, 148 Wn.2d 672, 685, 63 P.3d 765 (2003) (citing *Morris v. Blaker*, 118 Wn.2d 133, 143, 821 P.2d 482 (1992)).

We begin our analysis with a plain meaning interpretation of the relevant statutory language in light of the underlying legislative purposes. *Wash. Pub. Ports Ass'n v. Dep't of Revenue*, 148 Wn.2d 637, 645, 62 P.3d 462 (2003); *Dep't of Ecology v. Campbell & Gwinn, L.L.C.*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002); *see also Wagg v. Estate of Dunham*, 146 Wn.2d 63, 73, 42 P.3d 968 (2002) (noting appellate court interprets statutory provision in light of entire statute and the legislature's intent as set forth in the entire act and related statutes). Similarly, we interpret the statute in its entirety, reviewing all provisions of the statute in relation to each other. *In re Det. of Williams*, 147 Wn.2d 476, 490, 55 P.3d 597 (2002).

If the statute is unambiguous, it is not subject to judicial construction. *Fraternal Order of Eagles, Tenino Aerie No.*

*564 v. Grand Aerie of Fraternal Order of Eagles*, 148 Wn.2d 224, 239, 59 P.3d 655 (2002); *State v. Glas*, 147 Wn.2d 410, 415, 54 P.3d 147 (2002). We will not add language to an unambiguous statute even if we believe the legislature intended something else but failed to adequately express the alternative intent. *Kilian v. Atkinson*, 147 Wn.2d 16, 20, 50 P.3d 638 (2002). We assume the legislature meant exactly what it said when it enacted the statute. *In re Pers. Restraint of King*, 146 Wn.2d 658, 663, 49 P.3d 854 (2002); *Berger*, 144 Wn.2d at 105.

If the statute is ambiguous, we resort to tools of statutory construction, such as legislative history and relevant case law, to discern the meaning of the statute. *Kilian*, 147 Wn.2d at 21; *Campbell & Gwinn*, 146 Wn.2d at 12; *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 808, 16 P.3d 583 (2001). "A statute is ambiguous if it can be reasonably interpreted in more than one way, but it is not ambiguous simply because different interpretations are conceivable." *Kilian*, 147 Wn.2d at 20-21 (citing *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001), *cert. denied*, 534 U.S. 1130 (2002)).

## B. Impoundment Decision

Was the impoundment proper under the relevant impoundment statutes? A municipality's authority to impound a vehicle derives from chapter 46.55 RCW. *See* RCW 46.55.240(1). Under the statute, whenever a driver of a vehicle is arrested for an enumerated offense, such as driving with a suspended license, "the vehicle is subject to impoundment, pursuant to applicable local ordinance or state agency rule at the direction of a law enforcement officer." RCW 46.55.113.

The Supreme Court very recently interpreted RCW 46-.55.113 as a permissive statute that does not authorize mandatory impoundment regulations. *In re Impoundment of Chevrolet Truck*, 148 Wn.2d 145, 157-59, 60 P.3d 53 (2002). The court struck down WAC 204-96-010, a Wash-

ington State Patrol (WSP) regulation mandating impound-ment, "because it exceeds the legislative grant of authority in RCW 46.55.113." *Id.* at 159. The court further noted, without addressing the constitutionality of the regulation, the constitutional requirement that impoundments be rea-sonable; the concerned officer must exercise his or her discretion by considering reasonable alternatives to im-poundment. *Id.* at 151, 156 n.10.

Here, the officer impounded Mr. Becerra's vehicle pursu-ant to Warden Municipal Code. WMC 10.38.010(A) provides where a driver is arrested for the enumerated offense, including driving with a suspended license, "the vehicle is subject to impoundment at the direction of a police officer." That permissive language is consistent with RCW 46-.55.113. *Chevrolet Truck*, 148 Wn.2d at 158.

The officer then directed Mr. Becerra's vehicle be im-pounded pursuant to WMC 10.38.010(D) or (E), which states the vehicle "shall be impounded" for 30 days where the driver has been arrested for driving with a suspended license in the first or second degree. In terms of their mandatory effect, the Warden Municipal Code provisions are nearly identical to WAC 204-96-010, which states the "vehicle shall be impounded" and "the vehicle shall be held" for a certain period of time depending on the enumerated offense. *See Chevrolet Truck*, 148 Wn.2d at 153-54. By contrast, RCW 46.55.120(1)(a) permissively states the ve-hicle "may be held" for the relevant period of time. The City's code affords no room for discretion as to the term of impoundment.

As noted, the Supreme Court invalidated WAC 204-96--010 because it exceeded the legislative authority afforded under RCW 46.55.113. *Chevrolet Truck*, 148 Wn.2d at 159. The same reasoning applies by analogy to chapter 10.38 WMC inasmuch as its mandatory terms of impoundment contravene RCW 46.55.120(1)(a). Moreover, the record shows the officer and the district court interpreted the City code as mandating impoundment without consideration of any reasonable alternatives to impoundment. *See Chevrolet*

*Truck*, 148 Wn.2d at 155 n.8 ("courts have long held it is a constitutional requirement to consider reasonable alternatives to impoundment before impounding a vehicle"). In light of *Chevrolet Truck*, which was decided while this case was pending, the impoundment of Mr. Becerra's vehicle violated chapter 46.55 RCW.

### C. Applicability of Good Faith Defense

■ Considering our holding that the impoundment was improper, the issue becomes whether the good faith defense provisions of RCW 46.55.120(3)(e) foreclose the vehicle owner from recovering impoundment, towing, and storage fees from the authorizing agency. Here, the City argues the law enforcement officer directing impoundment acted in good faith and without gross negligence in relying on DOL information that Mr. Becerra had a suspended license.

Chapter 46.55 RCW sets forth procedures for towing and impoundment of vehicles. With respect to drivers with suspended licenses operating vehicles, the legislature stated that one purpose of the chapter is to "increase deterrence and reduce unlawful driving by preventing a suspended driver access to [his or her] vehicle." RCW 46.55.105 (legislative finding); LAWS OF 1998, ch. 203 § 4; *see also Chevrolet Truck*, 148 Wn.2d at 153 (discussing legislative findings).

If a vehicle is held for suspended license impound, the person desiring to redeem the vehicle must "pay a security deposit to the tow truck operator of not more than one-half of the applicable impound storage rate for each day of the proposed suspended license impound." RCW 46.55.120(1)(b). The tow truck operator credits the deposit against the final bill for towing and storage. *Id.* The tow truck operator may also "accept other sufficient security in lieu of the security deposit." *Id.*

The tow truck operator will release the vehicle if the owner presents "commercially reasonable tender sufficient to cover the costs of towing, storage, or other services

rendered during the course of towing, storage, or other services rendered" in connection with the impounded vehicle with credit allowed for the amount of the security deposit. RCW 46.55.120(1)(e). If the vehicle was impounded because the operator was arrested for a driving while license suspended offense, the registered owner must establish all penalties, fines, or forfeitures have been satisfied before he or she can redeem the vehicle. *Id.*

A person seeking to redeem an impounded vehicle is entitled to a hearing in the proper municipal or district court "to contest the validity of the impoundment or the amount of towing and storage charges." RCW 46.55.120(2)(b).

> At the conclusion of the hearing, the court shall determine whether the impoundment was proper, whether the towing or storage fees charged were in compliance with the posted rates, and who is responsible for payment of the fees. The court may not adjust fees or charges that are in compliance with the posted or contracted rates.

RCW 46.55.120(3)(c).

If the court finds the impoundment proper, it will ordinarily assess impoundment, towing, and storage fees as well as court costs against the party who requested the hearing. RCW 46.55.120(3)(d). If the court finds the impoundment improper, the following statute applies, partly stating:

> If the impoundment is determined to be in violation of this chapter, then the registered and legal owners of the vehicle or other item of personal property registered or titled with the department shall bear no impoundment, towing, or storage fees, and any security shall be returned or discharged as appropriate, and the person or agency who authorized the impoundment shall be liable for any towing, storage, or other impoundment fees permitted under this chapter. The court shall enter judgment in favor of the registered tow truck operator against the person or agency authorizing the impound for the impoundment, towing, and storage fees paid. In addition, the court shall enter judgment in favor of the registered

and legal owners of the vehicle, or other item of personal property registered or titled with the department, for the amount of the filing fee required by law for the impound hearing petition as well as reasonable damages for loss of the use of the vehicle during the time the same was impounded, for not less than fifty dollars per day, against the person or agency authorizing the impound. However, if an impoundment arising from an alleged violation of RCW 46.20.342 or 46.20.345 is determined to be in violation of this chapter, then the law enforcement officer directing the impoundment and the government employing the officer are not liable for damages if the officer relied in good faith and without gross negligence on the records of the department in ascertaining that the operator of the vehicle had a suspended or revoked driver's license.

RCW 46.55.120(3)(e).

Regarding improper impoundment, the Warden Municipal Code states:

If the impoundment is found to be improper, the court shall enter an order so stating and order the immediate release of the vehicle. If the costs of impoundment have already been paid, the court shall enter judgment against the city and in favor of the person who has paid the costs of impoundment in the amount of costs of the impoundment.

WMC 10.38.030(C).

Here, the court reasoned if the impound was improper, the "good faith" defense set forth in RCW 46.55.120(3)(e) precluded Mr. Becerra from receiving any monetary recovery, including impoundment, towing, and storage fees. But the impoundment statute plainly states the owner of the vehicle shall not "bear" such fees if the impound is found to be improper. RCW 46.55.120(3)(e). Moreover, the statute states "any security shall be returned or discharged as appropriate." *Id.* That means the owner gets back any deposit or other security paid to the tow truck operator, and the authorizing agency is liable for the fees incurred in connection with the impound.

The statute also provides for recovery of the impound hearing filing fee "as well as reasonable damages for loss of

the use of the vehicle . . . for not less than fifty dollars per day." *Id.* But the law enforcement officer directing a suspended license impoundment and the government employing the officer "are not liable for damages if the officer relied in good faith and without gross negligence on the records of the department" in determining the vehicle operator had a suspended or revoked license. *Id.* When the term "damages" is viewed in the context of the entire statute, it becomes readily apparent the "damages" precluded under the "good faith" defense means the statutory loss of use "damages." *Id.*

In sum, the "good faith" defense precludes recovery of statutory loss of use "damages," but not fees incurred in connection with the impound, towing, and storage of the vehicle as well as the filing fee for the impound hearing. *Id.* Accordingly, the trial court erred in interpreting RCW 46.55.120(3)(e) otherwise.

The City argues the above interpretation would lead to an absurd result where Mr. Becerra could recover fees charged in connection with the impoundment but not loss of use damages. To the contrary, the foregoing interpretation is entirely consistent with the plain language of the statute. Very recently, the Supreme Court granted an aggrieved vehicle owner the very form of partial recovery the City terms absurd. *See In re Impoundment of Chevrolet Truck,* 148 Wn.2d 145, 161, 60 P.3d 53 (2002) (awarding owner cost of impoundment, towing, and storage, and impound hearing filing fee).

The City asserts Mr. Becerra waived recovery when he redeemed his vehicle without protest. But the record shows Mr. Becerra filed a request for an impound hearing before he redeemed his vehicle. Nothing in the statute suggests a vehicle owner waives recovery for an improper impound by redeeming his or her vehicle while the impound hearing is pending. To decide otherwise would be to unfairly preclude a hard-pressed owner from redeeming his or her vehicle while the court has yet to determine the validity of the impoundment. Illustratively, the Supreme Court granted

relief to an aggrieved owner even though the owner redeemed the impounded vehicle *before* demanding an impound hearing. *Chevrolet Truck*, 148 Wn.2d at 149.

The City further contends RCW 46.55.120(3)(e) does not authorize the court to enter judgment to Mr. Becerra for impoundment, towing, and storage fees. The statute states the court will enter judgment to the tow truck operator for such fees against the agency authorizing the improper impoundment. *Id*. The statute further states the court will award judgment to the owner of the vehicle for the impound hearing filing fee and statutory loss of use damages. *Id*.

The statute contemplates the tow truck operator is to be paid even where the court has found the impoundment to be improper and the aggrieved driver to be refunded his or her money. *Id*. The wording of the statute indicates the trial court will order the tow truck operator to refund the aggrieved owner the deposit or other security. *Id*. Such deposit or security will not exceed "one-half of the applicable impound storage rate for each day of the proposed suspended license impound." RCW 46.55.120(1)(b). Because the tow truck operator needs to be compensated, the court will enter judgment for the tow truck operator against the agency authorizing the improper impoundment, and therefore liable for the related fees. *Id*. The statute protects tow truck drivers involved in improper impoundments.

Moreover, the Supreme Court very recently remanded an invalid impoundment with directions to enter judgment in favor of the aggrieved vehicle owner for impound, towing, and storage fees as well as the filing fee for the impound hearing. *Chevrolet Truck*, 148 Wn.2d at 161. Further, the Warden Municipal Code requires that whenever the lower court finds the impoundment to be improper, "the court shall enter judgment against the city and in favor of the person who has paid the costs of impoundment." WMC 10.38.030(C). Accordingly, we reject the City's arguments.

In sum, the court erred in relying on the good faith provisions of RCW 46.55.120(3)(e) in denying Mr. Becerra's request for relief. Accordingly, we direct the District Court

to enter judgment for Mr. Becerra against the City for the impoundment, towing, and storage fees, and for the impound hearing filing fee. *Chevrolet Truck*, 148 Wn.2d at 161. Our holding makes it unnecessary to determine whether collateral estoppel bars the City from arguing the DOL properly suspended Mr. Becerra's license.

## D. Attorney Fees

Mr. Becerra requests attorney fees pursuant to RCW 4.84.250. The City correctly answers the statute is inapplicable. "Under the American rule compensation for attorney fees and costs may be awarded only if authorized by contract, statute, or a recognized ground in equity." *Chevrolet Truck*, 148 Wn.2d at 160.

A party prevailing in the trial of a damages action for an amount of less than $10,000 is entitled to an award of attorney fees. RCW 4.84.250. An offer of settlement is a prerequisite. RCW 4.84.280. A comparison between the settlement offer and the damages awarded at trial determines which party prevails for purposes of the fee award. RCW 4.84.260, .270. The provisions of RCW 4.84.250 continue to apply on appeal. RCW 4.84.290; RAP 18.1. These statutes encourage out-of-court settlement of small claims and penalize parties that "unjustifiably bring or resist small claims." *Hanson v. Estell*, 100 Wn. App. 281, 289, 997 P.2d 426 (2000) (citing *Pub. Utils. Dist. No. 1 v. Crea*, 88 Wn. App. 390, 394, 945 P.2d 722 (1997)).

As the City aptly notes, Mr. Becerra did not file an action for damages. *See Lay v. Hass*, 112 Wn. App. 818, 51 P.3d 130 (2002) (noting request for damages in connection with quiet title action made RCW 4.84.250 applicable). Rather, he contested the impoundment of his vehicle and requested refund of the fees incurred in connection with that action. RCW 46.55.120(3)(e). He did not seek statutory loss of use damages. *Id.* Accordingly, the statute ordinarily would not apply.

Assuming without deciding damages were an issue, Mr. Becerra did not give notice of his intent to seek fees under RCW 4.84.250, nor did he broach the possibility of settlement. *See Lay*, 112 Wn. App. at 824. "[S]ome type of notice" is required so the parties can settle the claim before they incur the risk of paying the prevailing party's attorney fees. *Id.*

For the foregoing reasons, Mr. Becerra cannot recover attorney fees under RCW 4.84.250. Nor can he recover under RCW 46.55.120(3)(e), which awards attorney fees and costs for expenses incurred in an action to enforce a judgment based on an improper impound. *Chevrolet Truck*, 148 Wn.2d at 160-61.

Reversed and remanded for proceedings consistent with this opinion.

SCHULTHEIS and KURTZ, JJ., concur.