[No. 64672-9-I.   Division One.   April 11, 2011.]

THE CITY OF KENT, *Petitioner*, v. RAYMOND MANN, *Respondent*.

*Thomas C. Brubaker, City Attorney*, and *Julie M. Stormes, Assistant*, for petitioner.

*David R. Kirshenbaum*, for respondent.

¶1 SPEARMAN, J. — The city of Kent (City) asks this court to reverse the superior court's ruling that Kent City Code (KCC) 9.39.030, which provides for fixed, mandatory periods of impoundment when the driver of a car is arrested for an enumerated offense, exceeds the City's authority under

chapter 46.55 RCW. The undisputed facts establish that a Kent police officer had Raymond Mann's car impounded for 30 days under KCC 9.39.030 because Mann was driving with a suspended license. Mann had a vehicle impound hearing in Kent Municipal Court, which ruled that KCC 9.39.030 exceeded the City's authority under chapter 46.55 RCW to pass local impoundment rules to the extent that it mandated impoundment periods and limited the discretion of a police officer or trial court over impoundment periods. The King County Superior Court affirmed, and we granted review. We reverse the superior court and hold that chapter 46.55 RCW permits the City's ordinance. In so holding, we disagree with Division Three, which concluded in *In re 1992 Honda Accord*, 117 Wn. App. 510, 71 P.3d 226 (2003) (*Becerra*) that a similar code provision was invalid under *In re Impoundment of Chevrolet Truck*, 148 Wn.2d 145, 60 P.3d 53 (2002) (*All Around*).[1]

## *FACTS*

¶2 On March 13, 2009, Mann was driving his car and waiting at an intersection in Kent when Officer Brennan of the Kent Police Department ran his car's license plate number and discovered that the registered owner of the car, named Raymond Mann, had his license suspended in the second degree. Brennan stopped the car and asked the driver whether his name was Raymond Mann. Mann said yes. Brennan arrested Mann and called for a tow truck to impound Mann's car. In his report, Brennan wrote, "Since [Mann's] driving status was DWLS [driving while license suspended] 2, I placed a 30 day hold on his vehicle."

¶3 Mann requested a vehicle impound hearing in Kent Municipal Court. Citing *All Around* and *Becerra*, he argued that the impoundment was improper because Officer Brennan failed to exercise discretion in deciding to im-

---

[1] *All Around* and *Becerra* are sometimes referred to as "*All Around Underground, Inc. v. Washington State Patrol*" and "*Becerra v. City of Warden*," respectively.

pound and because KCC 9.39.030, by not permitting the officer to exercise discretion regarding the period of impoundment, exceeded the authority granted under RCW 46.55.120(1)(a). The City argued that Brennan exercised discretion regarding the impoundment and that the impoundment period was properly imposed because RCW 46.55.120(1)(a) granted municipalities the sole authority to determine the period of impoundment. The municipal court ruled that Brennan did exercise discretion in deciding to impound, but that KCC 9.39.030 was invalid under RCW 46.55.120(1)(a) because it did not permit the exercise of discretion by officers and trial courts over the impoundment *period*. The court relied on *All Around* and *Becerra*. It directed Mann's car to be released immediately and directed the City to pay for costs incurred to date, less initial impound costs and storage fees. The City appealed to King County Superior Court. The superior court affirmed the municipal court's ruling that KCC 9.39.030 violated chapter 46.55 RCW insofar as it mandated the period of impoundment and failed to allow discretion by the impounding officer. The superior court, like the municipal court, relied on *All Around, Becerra,* and RCW 46.55.120. It entered an order on December 11, 2009. We granted review.

## DISCUSSION

¶4 The City argues, as it did below, that the plain language of RCW 46.55.120(1)(a) gives it the sole authority to determine how long to hold an impounded vehicle. The City contends that it validly exercised its discretion in opting for the maximum period of impoundment under the statute. Mann again relies on *All Around* and *Becerra* to argue that KCC 9.39.030 exceeds the authority granted under RCW 46.55.120(1)(a) and is therefore in violation of the statute and article XI, section 11 of the Washington

State Constitution.[2] For the reasons set forth below, we agree with the City and reverse.

¶5 This case presents issues of statutory interpretation that we review de novo. *Becerra*, 117 Wn. App. at 515. These established principles of statutory interpretation guide our analysis:

> Our purpose in interpreting a statute is "to discern and implement the intent of the legislature." Our first inquiry is whether, looking to the entire statute in which the provision is found and to related statutes, the meaning of the provision in question is plain. If so, our inquiry is at an end. If, however, the statute is susceptible to more than one reasonable interpretation, it is ambiguous, and we "may resort to statutory construction, legislative history, and relevant case law." It is also true that "[w]henever possible, statutes must be read in harmony and each must be given effect."

*Columbia Phys. Therapy, Inc.v. Benton Franklin Orthopedic Assocs.*, 168 Wn.2d 421, 432-33, 228 P.3d 1260 (2010) (alteration in original) (citations omitted) (internal quotation marks omitted) (quoting *City of Olympia v. Drebick*, 156 Wn.2d 289, 295, 126 P.3d 802 (2006); *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009); *Livingston v. Cedeno*, 164 Wn.2d 46, 52, 186 P.3d 1055 (2008)).

¶6 RCW 46.55.113(1) permits agencies and municipalities to promulgate rules to govern vehicle impoundment procedures when, among other things, a driver is arrested for driving with a suspended or revoked driver's license.[3] But the statute contemplates that a law enforcement officer shall have the discretion, in the first instance, to decide whether to impound a vehicle. *All Around*, 148 Wn.2d at

---

[2] "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." WASH. CONST. art. XI, § 11.

[3] "Whenever the driver of a vehicle is arrested for a violation of RCW 46.61.502, 46.61.504, 46.20.342, or 46.20.345, the vehicle is subject to summary impoundment, *pursuant to the terms and conditions of an applicable local ordinance or state agency rule* at the direction of a law enforcement officer." RCW 46.55.113(1) (emphasis added).

154-55. The statute further provides, in RCW 46.55-.120(1)(a), that "[i]f a vehicle is impounded because the operator is [in a suspended or revoked status], the vehicle may be held for up to thirty days at the written direction of the agency ordering the vehicle impounded."[4]

¶7 Pursuant to these statutes, the City promulgated KCC 9.39.030. The ordinance provides, in part, that whenever a driver is arrested for driving with a suspended or revoked license, "the vehicle is subject to impoundment at the direction of a law enforcement officer." KCC 9.39-.030(A)(1). It also provides for fixed, mandatory periods of impoundment at the maximum provided by RCW 46.55-.120(1)(a) for each category of license suspension or revocation.[5] We must decide whether this latter provision exceeds

---

[4] The statute goes on to provide that impoundment may be for up to 60 days if the department's records show that the driver has been convicted of a violation of RCW 46.20.342(1)(a) or (b) or a similar local ordinance within the past 5 years, and for up to 90 days if the driver has been convicted of two or more such violations. *See* RCW 46.55.120.

[5] KCC 9.39.030(B) states:

1. If a vehicle is impounded because the driver is arrested for a violation of RCW 46.20.342 (1)(c) (driving while license suspended or revoked in the third degree) or 46.20.345, the vehicle shall be redeemable immediately pursuant to subsection (B)(6) of this section.

2. If a vehicle is impounded because the driver is arrested for a violation of RCW 46.20.342 (1)(a) (driving while license suspended or revoked in the first degree) or 46.20.342(1)(b) (driving while license suspended or revoked in the second degree) and the Washington Department of Licensing's records show that the driver has not been convicted of a violation of RCW 46.20.342(1)(a) or (b) or equivalent local ordinance within the past five (5) years, the vehicle shall be impounded for thirty (30) days.

3. If a vehicle is impounded because the driver is arrested for a violation of RCW 46.20.342(1)(a) or (b) and the Washington Department of Licensing's records show that the driver has been convicted one (1) time of a violation of RCW 46.20.342(1)(a) or (b) or equivalent local ordinance within the past five (5) years, the vehicle shall be impounded for sixty (60) days.

4. If a vehicle is impounded because the driver is arrested for a violation of RCW 46.20.342 (1)(a) or (b) and the Washington Department of Licensing's records show that the driver has been convicted of a violation of RCW 46.20.342(1)(a) or (b) or equivalent local ordinance two (2) or more times within the past five (5) years, the vehicle shall be impounded for ninety (90) days.

The ordinance also provides that any person seeking to redeem a vehicle has a right to an impound hearing to contest the impoundment. KCC 9.39.030(C)(2). And it permits the hearing court to release an impounded vehicle prior to the applicable expiration date upon petition of a family member or dependent person

the authority granted to municipalities by the impoundment statute and is therefore an invalid exercise of the City's authority.

¶8 We hold that the ordinance is a valid exercise of the City's authority under the impoundment statute. The statute's plain language permits the vehicle to be held for up to a specified number of days "at the written direction of *the agency* ordering the vehicle impounded." RCW 46.55-.120(1)(a) (emphasis added). Thus, it is evident that the "agency" ordering the impoundment is vested with the authority of determining the period of impoundment within the bounds set by the statute. Mann argues that the language "may be held" in RCW 46.55.120(1)(a) shows that impounding officers must have discretion over the period of impoundment. We disagree. RCW 46.55.120 makes no mention of law enforcement officers having authority over the period of impoundment. Nor do we interpret the word "may" to mean that an agency cannot promulgate a rule setting fixed, mandatory impoundment periods. The statute simply states that the agency may not hold a vehicle for *more* than the applicable number of days, and that it must provide written direction. Other than the maximum impoundment periods set forth in the statute, there is nothing in the statute's language from which we can discern a legislative intent to limit a municipality's discretion regarding the period of impoundment.

¶9 Furthermore, other language in the impoundment statute reveals a legislative intent to conduct vehicle impoundments in a uniform and nondiscriminatory manner. RCW 46.55.120 states, in part:

> (1) Vehicles or other items of personal property registered or titled with the department that are impounded by registered tow truck operators pursuant to RCW 46.55.080, 46.55.085, 46.55.113, or 9A.88.140 may be redeemed only under the following circumstances:

of the driver based upon economic or personal hardship to that person because of the unavailability of the vehicle. KCC 9.39.030(D)(1).

(a) . . . An agency shall issue a written order to release pursuant to a provision of an applicable state agency rule or local ordinance authorizing release on the basis of the following:

(i) Economic or personal hardship to the spouse of the operator, taking into consideration public safety factors, including the operator's criminal history and driving record; or

(ii) The owner of the vehicle was not the driver, the owner did not know that the driver's license was suspended or revoked, and the owner has not received a prior release under this subsection or RCW 46.55.113(3).

*In order to avoid discriminatory application, other than for the reasons for release set forth in (a)(i) and (ii) of this subsection, an agency shall, under a provision of an applicable state agency rule or local ordinance, deny release in all other circumstances without discretion.*

(Emphasis added.) The statute describes two situations in which agencies shall release a vehicle prior to the expiration of the impoundment period. Otherwise, the statute provides that the agency shall "deny release in all other circumstances *without discretion.*" RCW 46.55.120(1)(a)(ii) (emphasis added). In light of this language, it would be illogical to interpret the statute to permit ordinances that confer discretion over the impoundment period beyond that expressly provided in the statute. More importantly, to read the statute as requiring an impounding officer to exercise individual discretion over how long to impound a vehicle would result in precisely the type of nonuniform application that the statute expressly seeks to avoid.

¶10 In sum, we agree with the City that RCW 46.55-.120(1)(a) gives it the authority to determine the period of impoundment and the discretion to set fixed, mandatory periods of impoundment within the bounds set by the statute. We also agree with the City that the statute does not provide an impounding officer with discretion over the period of impoundment.

¶11 We recognize that Mann, as well as the courts below, relied on *Becerra* for the proposition that a municipality

exceeds its statutory authority when it promulgates an ordinance that limits the discretion of the impounding officer regarding the impoundment period and instead imposes fixed, mandatory impoundment periods. We are convinced, however, that *Becerra* misconstrues the holding of *All Around* and misreads RCW 46.55.120(1)(a). *All Around* held only that RCW 46.55.113(1) vested in a law enforcement officer the discretion over whether to impound and that because the Washington State Patrol regulation overruled that discretion and mandated impoundment in all cases, the regulation exceeded the authority granted by the statute. *All Around*, 148 Wn.2d at 154-59. There was no occasion in that case for the Supreme Court to interpret RCW 46.55.120(1)(a). Moreover, because the language of RCW 46.55.113(1) and 46.55.120(1)(a) is different, we disagree with *Becerra*'s reasoning that *All Around* compels the result here. *Becerra* holds that because, under *All Around*, RCW 46.55.113(1) does not authorize an ordinance that mandates impoundment, RCW 46.55.120(1)(a) likewise does not authorize mandatory impoundment periods. But in our view, just as RCW 46.55.113(1) authorizes officer discretion whether to impound ("the vehicle is subject to summary impoundment . . . at the direction of a law enforcement officer"), RCW 46.55.120(1)(a) plainly authorizes a municipality to exercise discretion to determine he impoundment period ("the vehicle may be held [for the applicable period] at the written direction of the agency ordering the vehicle impounded").

¶12 Nor do we agree that the term "may be held," as used in RCW 46.55.120(1)(a), is indicative of a legislative intent to allow officers to have discretion to set different terms of impoundment in each individual case. As we have explained, such a reading of the statute is directly at odds with the express legislative directive that the impoundment statute be applied in a manner that is uniform and nondiscriminatory. Under *Becerra*, early release from impoundment could occur in any case for any reason at all, instead of being uniformly limited to the two exceptions prescribed by the legislature in RCW 46.55.120(1)(a)(i) and (ii).

¶13 As we read *All Around* and the provisions of chapter 46.55 RCW at issue in this case, local impoundment ordinances must permit an officer to exercise discretion over the initial decision to impound. But after a vehicle is impounded, an ordinance may impose fixed, mandatory periods of impoundment, consistent with RCW 46.55-.120(1)(a). We therefore reverse the superior court and hold that KCC 9.39.030 is a proper exercise of the authority granted to the City under chapter 46.55 RCW.

¶14 Reversed and remanded for further proceedings consistent with this opinion.

DWYER, C.J, and SCHINDLER, J., concur.