IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| T & B WASHINGTON, INC. DBA COLDWELL BANKER TOMLINSON SOUTH, | ) ) ) ) | No. 35036-3-III |
| Interpleader Plaintiff, | ) ) | |
| v. | ) ) | |
| VIRGINIA DULLANTY, AN UNMARRIED PERSON, | ) ) ) | PUBLISHED OPINION |
| Appellant, | ) ) | |
| and | ) ) | |
| GARY SAWYER AND SANDRA SAWYER, INDIVIDUALLY AND/OR AS TRUSTEES OF THE GARY AND SANDRA SAWYER REVOCABLE TRUST, | ) ) ) ) ) | |
| Respondents. | ) ) | |

PENNELL, A.C.J. — This appeal stems from an interpleader action initiated by

T & B Washington, Inc. to determine disbursement of $3,000 in earnest money after a

failed real estate transaction. The sole issue on appeal concerns the superior court's

award of attorney fees under RCW 4.84.250 to Gary and Sandra Sawyer as disbursement

recipients. We hold that because the interpleader brought by T & B Washington was not

an "action for damages," the attorney fee award pursuant to RCW 4.84.250 was

inappropriate. The judgment awarding fees is therefore reversed.

## FACTS

The underlying facts of the parties' real estate transaction are not relevant to the

issue on appeal and therefore require only brief mention. Virginia Dullanty was in the

process of selling her home to Gary and Sandra Sawyer. As part of the purchase and sale

agreement, the Sawyers posted $3,000 in earnest money toward the sale. Prior to closing,

a windstorm damaged Ms. Dullanty's property and the Sawyers declined to proceed with

the purchase. The Sawyers requested a return of their earnest money, but Ms. Dullanty

refused. Pursuant to RCW 64.04.220 and the terms of the purchase and sale agreement,

T & B Washington, the holder of the earnest money, instituted an interpleader action in

superior court to determine disbursement of the earnest money.

After initial attempts at settlement, the Sawyers moved for summary judgment.

They sought disbursement of the $3,000 that had been deposited into the court's registry

and an award of reasonable attorney fees and expenses. Ms. Dullanty responded by

claiming the $3,000 should be disbursed to her and that she should be awarded fees and

costs. Neither the Sawyers nor Ms. Dullanty formally asserted a claim or cross claim

against the other. The superior court ultimately granted summary judgment and ordered

the $3,000 held in the court's registry to be disbursed to the Sawyers.

The superior court then requested additional briefing on the issue of attorney fees.

After reviewing the briefing and hearing argument from the parties, the court again found

in favor of the Sawyers. The court entered a judgment against Ms. Dullanty in the

amount of $36,510.75 for attorney fees as costs pursuant to RCW 4.84.250. Ms. Dullanty

appeals.

## ANALYSIS

*Superior court award of fees as costs*

RCW 4.84.250 authorizes an award of reasonable attorney fees as costs to the

prevailing party in "any action for damages" of $10,000 or less. Our review of whether

a given lawsuit constitutes an "action for damages" under the statute is de novo. *See*

*Target Nat'l Bank v. Higgins*, 180 Wn. App. 165, 172, 321 P.3d 1215 (2014).

We agree with Ms. Dullanty that the instant case did not involve an action for

damages.[1]  This matter was initiated as an interpleader action by a neutral party in order

to determine which entity, Ms. Dullanty or the Sawyers, was entitled to return of the

$3,000 earnest money deposit.  RCW 64.04.220.  Neither Ms. Dullanty nor the Sawyers

requested any additional relief in the form of contract or tort damages.  *See Davy v. Moss*,

19 Wn. App. 32, 34, 573 P.2d 826 (1978) ("In Washington, the word 'damages' has been

construed to include both tort and contract actions.").  Given this procedural posture, the

action before the superior court was purely equitable.

We have previously held that when a court is only asked to adjudicate the return

of property, the suit does not constitute an action for damages, as contemplated by the

attorney fee statute.  *In re 1992 Honda Accord*, 117 Wn. App. 510, 523, 71 P.3d 226

(2003); s*ee also Kobza v. Tripp*, 105 Wn. App. 90, 18 P.3d 621 (2001).  Our prior

reasoning fully applies in this case.  The fact that the property at issue here is a lump sum

of money, as opposed to an item of personal property, does not alter our analysis.  *1992*

*Honda Accord*, 117 Wn. App. at 523 (return of impound fees did not constitute an action

---

[1] Ms. Dullanty did not waive this issue.  Throughout the superior court proceedings, the parties focused largely on the issue of contract damages under the purchase and sale agreement.  Nevertheless, in her briefing regarding statutory attorney fees, Ms. Dullanty plainly stated that the instant interpleader complaint was not an action for damages.

for damages).

Our ruling should not be read to mean that no suit regarding an earnest money deposit can qualify as an action for damages. An earnest money deposit can be akin to liquidated damages. When the purchaser to a real estate contract breaches the terms of a purchase and sale agreement, the seller can pursue forfeiture of earnest money as a remedy in lieu of actual damages. *See* RCW 64.04.005. In such circumstances, a breach of contract suit would constitute an action for damages for purposes of statutory attorney fees. But that is not what happened here. Ms. Dullanty never filed a claim for breach of contract, requesting return of the earnest money as liquidated damages. Nor did the Sawyers file a claim for breach of contract. Instead, both parties merely requested disbursement of funds, which was a form of relief fully within the scope of T & B Washington's original interpleader suit. Although the parties' briefing in support of disbursement included arguments over whether there had been a breach of the purchase and sale agreement, those substantive arguments did not alter the nature of the action before the superior court.

Because the instant case did not involve an action for damages, RCW 4.84.250 is not applicable. The superior court therefore erred in awarding fees as costs to the Sawyers under that statute.

5

No. 35036-3-III
*T & B Washington, Inc. v. Dullanty*


*Appellate fees and costs*

Both parties seek attorney fees on appeal. Neither request is warranted.

Our resolution of the Sawyers' fee request is evident from the substance of this opinion. Because the Sawyers have not prevailed on asserting an action for damages, they are not eligible for fees under RCW 4.84.250 and .290.

Recognizing that she also cannot obtain attorney fees under RCW 4.84.250 and .290, Ms. Dullanty instead seeks fees under RCW 4.84.330, which allows a court to award fees and costs based on a contract provision. Ms. Dullanty's fee request fails based on the terms of her contract. Because this matter did not involve a suit instituted by either Ms. Dullanty or the Sawyers, the plain wording of the parties' real estate contract does not permit an award of attorney fees.[2] Nor can Ms. Dullanty assert a basis for fees under the equitable theory of mutuality of remedy. *See Almanza v. Bowen*, 155 Wn. App. 16, 23-24, 230 P.3d 177 (2010). Mutuality of remedy applies to ensure that both parties to litigation are equally eligible for an attorney fee award. *See Rowe v. Klein*, 2 Wn. App. 2d 326, 342 n.2, 409 P.3d 1152 (2018). That doctrine is inapplicable here. Given that the Sawyers are ineligible for attorney fees, Ms. Dullanty is ineligible as well.

---

[2] The purchase and sale agreement states, "if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses." Clerk's Papers at 9.

6

No. 35036-3-III
*T & B Washington, Inc. v. Dullanty*

## CONCLUSION

We reverse the superior court's award of attorney fees as costs under

RCW 4.84.250. Each side shall bear its own attorney fees on appeal.

_____
Pennell, A.C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.