**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30144 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00241-RSL-1 |
| v. | |
| ANTONIO LAMAR PERRYMAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted October 3, 2017
Seattle, Washington

Before:  LIPEZ,** WARDLAW, and OWENS, Circuit Judges.

Antonio Perryman appeals the district court's denial of his motion to

suppress a firearm discovered and post-arrest statements made during a traffic stop,

claiming the evidence was obtained in violation of his Fourth Amendment rights.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

Following the district court's denial of his motion to suppress, Perryman was convicted at trial of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse. Because the search was neither permissible under *Michigan v. Long*, 463 U.S. 1032 (1983), nor *Arizona v. Gant*, 556 U.S. 332 (2009), we decline to consider the intersection of *Long* and *Gant*.

1.     The district court erred in concluding that the search of Perryman's car was justified under *Long*. 463 U.S. at 1049–50. *Long* establishes that a warrantless search of a vehicle's passenger compartment "is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous *and* the suspect may gain immediate control of weapons." *Id.* (emphasis added).

Although Officers Ellis and Prince may have reasonably believed that Perryman and his cousin, Anthony Perryman ("Anthony"), were dangerous, the evidence does not support the district court's conclusion that the officers reasonably believed that Perryman or Anthony would gain immediate control of weapons in the car. Before the search, the officers secured Perryman and Anthony, handcuffed them, and placed Perryman in a patrol car and Anthony by the curb.

2

There was thus no immediate risk that Perryman or Anthony would gain control of weapons at the time the search was conducted.

Any risk that Perryman and Anthony would return to the car and gain immediate access to weapons is contingent on facts that did not exist at the time of the search. Perryman and Anthony both had suspended driver's licenses, so neither one of them could drive Perryman's car away. And although the officers testified that they intended to allow Perryman and Anthony to retrieve their belongings from the vehicle before impounding it, the grounds for the officers' search of the vehicle had not developed at the time the search was conducted. Before deciding to conduct the protective search, the officers did not ask the cousins if they would want to return to the vehicle and collect their belongings if given the opportunity, so the officers' assertion that the search was necessary was speculative. In fact, Perryman testified that he and Anthony had all of their personal belongings with them outside the vehicle and would not have needed anything from the car. Simply put, the *Long* search was premature on the facts found by the district court.

**2.** Nor was the search permissible under *Arizona v. Gant*, 556 U.S. 332 (2009). *Gant* held that police officers may not perform a warrantless search of a vehicle incident to an occupant's arrest unless "the arrestee is unsecured and within

3

reaching distance of the passenger compartment" or "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" *Id.* at 343. Because Perryman was secured in the back of the patrol car and Anthony was secured on the curb, and both were detained for tinted windows and driving with a suspended license, no evidence of which could have been found in the car, the search was constitutionally impermissible.

3.      We reject the government's argument that the firearm was admissible under the inevitable discovery doctrine. "The doctrine permits the government to rely on evidence that ultimately would have been discovered absent a constitutional violation." *United States v. Ruckles*, 586 F.3d 713, 718 (9th Cir. 2009) (citing *Nix v. Williams*, 467 U.S. 431, 443 (1984)). But the district court's findings do not support the conclusion that the firearm would have been discovered by lawful means. *See id.* (quoting *Nix*, 467 U.S. at 444). The government contends that the officers would have found the firearm when they performed an inventory search incident to the impoundment of the car. However, neither an inventory search nor impoundment was inevitable. The Washington Constitution forbids officers from impounding cars without first considering reasonable alternatives to impoundment, *State v. Tyler*, 302 P.3d 165, 180 (Wash. 2013) (citing *State v. Hill*, 842 P.2d 996, 999 (Wash. Ct. App. 1993)), so the officers

4

would have had to explore all reasonable alternatives, which they did not do. Moreover, officers are not authorized under Washington law to do an "inventory search" when they call private tow trucks or family members. *Id.* at 700–01 (explaining when an inventory search is permissible). This speculative sequence of events belies the government's assertion of inevitable discovery.

**4.** Perryman's confession, which is the product of the unlawful search, must also be suppressed. The exclusionary rule extends to indirect as well as direct products of constitutional invasions. *Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963). "[V]erbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest . . . is no less the 'fruit' of official illegality than the more common tangible fruits of the unwarranted intrusion." *Id.* at 485. In Perryman's case, neither the giving of *Miranda* warnings nor Perryman's motivation to protect Anthony through his own confession are intervening events that remove the taint of the officers' unconstitutional conduct. *See Brown v. Illinois*, 422 U.S. 590, 603 (1975); *Taylor v. Alabama*, 457 U.S. 687, 692 (1987). Because the confession was close in time to the unlawful search and prompted by the officers' detection of the firearm, it must be suppressed.

Accordingly, the district court erred by denying Perryman's motion to suppress.

**REVERSED AND REMANDED.**

*United States v. Perryman*, No. 16-30144

OWENS, Circuit Judge, dissenting:

I respectfully dissent.  In my view, the circumstances provided "specific and articulable facts" that reasonably warranted the officers' belief that Anthony could gain immediate control of weapons.  *Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983) (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).  Though the officers handcuffed Anthony by the curb during their search, the officers had no reason to arrest him and intended to (1) release him (as they eventually did) and (2) let him access the car to retrieve his belongings, as was their standard practice.  Recognizing that "investigative detentions involving suspects in vehicles are especially fraught with danger to police officers," I believe the officers were permitted to perform a *Terry* search of the car to ensure Anthony could not have access to weapons if he returned to the vehicle to retrieve any remaining belongings.  *Id*. at 1047, 1049-50.