# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 79945-2-I |
| Appellant, | |
| v. | DIVISION ONE |
| DRAKE JONATHON NICHOLS, | UNPUBLISHED OPINION |
| Respondent. | |

APPELWICK, J. — Nichols appeals from a conviction for second degree burglary. He asserts the police did not have probable cause to arrest him or to impound and search his vehicle. Therefore, Nichols contends the trial court erred in declining to grant his motion to suppress all evidence at a stipulated bench trial. We affirm.

## FACTS

On the evening of January 23, 2015, Everett Police surveilled a residence located at 3520 Everett Avenue. The property owner was away and the property had recently been burglarized multiple times. The property consisted of several buildings surrounded by a chain link fence.

At about 8:20 p.m., officers observed a Ford pickup truck, driven by Drake Nichols, circle around the property stopping at the entrance to the alley behind it, where a passenger exited. Officer Oleg Kravchun saw him walk down the alley and enter the property through a locked gate in the fence.

After dropping off his passenger, Nichols drove the truck just past the alley and parked. While Nichols waited, Everett Patrol Sergeant Jay Taylor observed him light a lighter several times over the course of minutes inside the truck. In Taylor's experience this action was consistent with illegal drug use, such as smoking methamphetamine or heroin.

Five to ten minutes later, the passenger exited the property through the same gate he had used to enter it. The officers could not see what he was carrying, but Taylor observed both men "moving some things around inside [the truck] as if they were repositioning items or something." Nichols then drove them to the front of the property and parked the truck. The passenger exited the truck, went behind some large construction materials stacked in the street near the fence, and then got back in the truck.

At that point, the officers made contact with the truck and took both men into custody. They found three ammunition boxes and a sword behind construction materials, as well as a cardboard box just inside the nearby fence. These items were not there before the two men arrived.

Through the window of the truck, Taylor observed a headlamp like the one used in a recent burglary of the same property. He also noticed a slightly melted pen body that in his experience was similar to "makeshift pipes" used to smoke opiates.

The officers impounded the truck and obtained a warrant. A search disclosed several items that belonged to the property owner at 3520 Everett Avenue as well as methamphetamine and drug paraphernalia.

2

The State charged Nichols with one count of residential burglary. Nichols moved to suppress all evidence obtained pursuant to his arrest and the search of the truck. He argued the officers did not have probable cause to support his arrest or the impoundment of his truck. Following a suppression hearing, the court denied the motion. No formal findings and conclusions were entered.

Nichols completed an agreement to enter into Adult Drug Treatment Court (ADTC) and an order was entered transferring Nichols into an ADTC program. As a part of the program agreement, Nichols waived his right to contest the validity of any search or seizure and his right to a jury trial. However, the court later allowed him to withdraw from the program and restored all the rights that he had previously waived.

Nichols and the State entered into a stipulation agreement for a bench trial on documentary evidence. A stipulated bench trial was held on May 10, 2019. The court found Nichols guilty of the lesser included offense of second degree burglary.[1]

Nichols appeals.

## DISCUSSION

Nichols contends the trial court erred in denying his motion to suppress all evidence obtained pursuant to his arrest and the search of the truck. He first contends the officers lacked probable cause to support his warrantless arrest. He next argues the officers lacked probable cause to impound his truck. Thus, he

---

[1] The court was not convinced the State had proven a residential burglary occurred, which would require proving entry to the "dwelling portion" of the property.

argues, all evidence pursuant to his arrest and the impoundment of his truck must be suppressed as fruit of the poisonous tree.

I.   The Challenge to Exclusion of Evidence is not Preserved

When reviewing the denial of a suppression motion, we determine whether substantial evidence supports the challenged findings of fact and whether those findings support the conclusions of law. State v. Garvin, 166 Wn. 2d 242, 249, 207 P.3d 1266 (2009). Evidence is substantial when it is enough "to persuade a fair-minded person of the truth of the stated premise." State v. Reid, 98 Wn. App. 152, 156, 988 P.2d 1038 (1999). We review conclusions of law from an order pertaining to the suppression of evidence de novo. State v. Duncan, 146 Wn.2d 166, 171, 43 P.3d 513 (2002). A separate assignment of error for each finding of fact a party contends was improperly made must be included with reference to the finding by number. RAP 10.3(g). Unchallenged facts are treated as a verities on appeal. State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

Nichols has not assigned error to specific findings of fact. Thus, we will treat the trial court's findings of fact as verities. As such, review is limited to whether the findings of fact support the trial court's legal conclusions. State v. Neeley, 113 Wn. App. 100, 106, 52 P.3d 539, 542 (2002). Nichols has made no claim that the findings do not support the trial court's legal conclusions. His challenge is not preserved for review.

II.   Probable Cause to Arrest Nichols and Seize the Vehicle

Assuming without deciding, that the objections at the CrR 3.6 hearing were sufficient to preserve the issue and that we were to reach this issue, the result is

4

the same. Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in a belief that an offense has been committed. State v. Perez, 5 Wn. App. 2d 867, 871-72, 428 P.3d 1251 (2018), remanded, 193 Wn.2d 1008, 439 P.3d 1075 (2019). The existence of probable cause is determined by an objective standard. State v. Gaddy, 152 Wn.2d 64, 70, 93 P.2d 872 (2004). Whether probable cause exists is a question of law we review de novo. State v. Wagner-Bennett, 148 Wn. App. 538, 541, 200 P.3d 739 (2009).

Nichols first argues his arrest was not supported by probable cause. A police officer may make a warrantless felony arrest if supported by probable cause that a felony is being committed. RCW 10.31.100; see State v. Solberg, 122 Wn.2d 688, 696, 861 P.2d 460 (1993).

Though the State initially brought charges for residential burglary, the record indicates that ample probable cause existed to support an arrest for second degree burglary, which is a class B felony. RCW 9A.52.030(2).

RCW 9A.52.030(1) provides that, "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." The term "building," in addition to its ordinary meaning, includes any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods; each unit of a building consisting of two or more units

5

separately secured or occupied is a separate building. RCW9A.04.110(5). A "fenced area" is included in the definition of building without regard for how the area is used. State v. Wentz, 149 Wn.2d 342, 352, 68 P.3d 282 (2003).

Under our state's complicity statute, a person is guilty of a crime if it is committed by the conduct of another person for which he or she is legally accountable. RCW 9A.08.020(1). A person can be legally accountable for the conduct of another person when he or she is an accomplice in the commission of the crime. RCW 9A.08.020(2)(c). A defendant can be found to be the accomplice of another person in the commission of the crime where, with knowledge that it will promote or facilitate the commission of the crime, a defendant encourages or aids such other person in committing the crime. RCW 9A.08.020(3)(a)(i)-(ii).

At the time of Nichols's arrest, officers were conducting surveillance pursuant to knowledge of multiple recent burglaries at the property. They knew the property owner was away. Officers observed Nichols circling the block. They saw his passenger get out of the truck and enter the property while Nichols waited nearby.

They knew the area where Nichols's passenger gained entry to the property "is completely fenced and had two locked gates." Thus, to gain access, he would have to "jump the fence, cut the locks or damage the fence to gain entry." Further, upon the passenger's return, the officers observed what appeared to be the two men shuffling items inside Nichols's truck. Then, they saw Nichols and his passenger move the truck and pull up in front of the property.

These facts and circumstances provided a strong basis for the officers' belief that a burglary was occurring on the property, and that Nichols was an accomplice to that burglary. Though Nichols did not enter the fenced area, he had at this point been observed transporting his passenger to a recently burglarized property, then parking and waiting for his return. Their arrest of Nichols was lawful as supported by probable cause. We affirm the denial of Nichols's motion to suppress evidence obtained incident to his arrest.

Nichols next argues the officers did not have probable cause to impound his truck. Consequently, he contends the resulting search of the truck was illegal, and all the evidence seized therein should have been suppressed.

Police impoundment of a car constitutes a "seizure" for purposes of the Fourth Amendment and article I, section 7. State v. Coss, 87 Wn. App. 891, 898, 943 P.2d 1126 (1997). Under the Fourth Amendment and article I, section 7 of the Washington Constitution, all seizures must be reasonable. State v. Hill, 68 Wn. App. 300, 304, 842 P.2d 996 (1993). Warrantless seizure is per se unreasonable, absent an exception. State v. Houser, 95 Wn.2d 143, 149, 622 P.2d 1218 (1980). The purpose of these provisions is to prevent unreasonable searches and seizures without probable cause. Id. at 148.

A vehicle may be lawfully impounded as evidence of a crime when the police have probable cause to believe the vehicle has been stolen or used in the commission of a felony. State v. Tyler, 177 Wn.2d 690, 698, 302 P.3d 165 (2013). Nichols does not challenge the adequacy of the warrant to search the seized vehicle. Thus, the impoundment of the vehicle will be considered reasonable if an

7

officer has probable cause to believe it was being used in the commission of a felony.  Houser, 95 Wn.2d at 149-50.  For the same reasons police had probable cause to arrest Nichols in relation to a burglary, they had probable cause to believe the truck was being used in the commission of that crime.

We affirm the trial court's denial of Nichols's motion to suppress all evidence obtained during the resulting search.

_Appelwick, J._

WE CONCUR

_Dwyer, J._          _Mann, C.J._